W. C. PIERCE, JR., v. WIMBERLY & PHILIPS.

No. 2917.

1. **Indexing a Requisite to Judgment Lien.**—The statute prescribing that the "index shall show the name of each plaintiff and of each defendant" (article 3158, Revised Statutes), it is not complied with when the full names of the plaintiffs were not given, and the firm name alone of the defendants was in the index.

2. **Case Adhered to.**—Nye v. Moody, 70 Texas, 434, adhered to.

3. **Testimony Irrelevant.**—Against the title of a son to town lots bought by him the declarations of his father prior to the purchase were irrelevant, and properly excluded. So was testimony to correspondence by the father prior to the purchase by his son with reference to his own purchase, unless supported by testimony tending to connect the father with the purchase by his son.

4. **Separate Property.**—See testimony held insufficient to establish the wife's separate property.

APPEAL from Smith. Tried below before Hon. Felix J. McCord. The opinion gives a statement.

*H. Chilton,* for appellant.—The court erred in admitting the index of the abstract of judgment when same did not show the individual name of Yarbrough or Pierce, nor the name of Pierce or Yarbrough, under the alphabetical arrangement of defendants' names, nor the names of plaintiffs except as firm of August, Bernheim & Bauer under letter A. Rev. Stats., arts 3158, 3159; Anthony v. Taylor, 68 Texas, 404.

*White & Edwards,* for appellees.—The court erred in sustaining the objections of defendant to the interrogatory propounded by plaintiffs to Lee White for the purpose of proving the statements made by W. C. Pierce, Sr., relative to his purpose in buying certain lumber; and the court erred in sustaining the objection of defendant to the evidence offered by plaintiffs to prove that in the fall of 1885 W. C. Pierce, Sr., procured the witness Yarbrough to correspond in reference to the purchase of lots 4 and 5 in block 8 in the town of Lindale, and stated to said witness that he desired to buy said lots. Plaintiffs alleged that the town lots, the eighth described parcel, were bought and paid for by W. C. Pierce, Sr., for his own benefit, but in order to defraud his creditors he procured the deed to be made in the name of his son, W. C. Pierce, Jr. The plaintiffs charged and we think the proof showed conspiracy and collusion between the father and son to screen these lots from the former's creditors. It was sought to prove that the elder Pierce bought and paid for certain lumber, and stated at the time that he bought it to build himself a residence on these lots; and further, that he and not his son negotiated with Barnes and Wetmore, through the witness Yarbrough, for the purchase of these lots. Martel v. Somers, 26 Texas, 551; Wright v. Linn, 16 Texas, 34; 1 Ct. App. C. C., sec. 218.

HENRY, ASSOCIATE JUSTICE—This suit was brought by Wimberly & Philips to recover a number of tracts of land.

Plaintiffs recovered a judgment for two of the tracts containing respectively 65 and 23 acres.

Defendant had judgment in his favor for a tract containing 115 acres, and for lots 4 and 5 in block 8 in the town of Lindale.

Plaintiffs claimed the land under a judgment lien and execution sale against W. C. Pierce, Sr., who was the father of the defendant.

The defendant claimed the 115 acres tract by purchase from his father, and also under a deed of gift from his mother. He claimed the town lots by direct purchase from the owners, Barnes and Wetmore. The 65 acres and 23 acres tracts were conveyed by W. C. Pierce, Sr., to the defendant.

Plaintiffs contend that the conveyances from the father to his son were fraudulent, and that if they were not, they through their judgment liens were bona fide purchasers and entitled as such to protection. They claimed that the town lots, although conveyed to W. C. Pierce, Jr., were in truth paid for and owned by W. C. Pierce, Sr.

The statement of facts shows that a judgment for money was rendered in the United States Circuit Court for the Eastern District of Texas on the 19th day of January, 1886, in favor of "August, Bernheim & Bauer and against George Yarbrough and W. C. Pierce, Sr."

An abstract of this judgment was recorded and indexed in the county clerk's office in the following manner:

Under the heading of "plaintiffs' names" the names of the plaintiffs were given as follows: "Simon August, Chas. L. Bernheim, Felix L. Bauer." Under the heading "defendants' names" the defendants were named as "George Yarbrough, W. C. Pierce."

In the index the only entry was "August, Bernheim & Bauer v. Yarbrough & Pierce."

An execution was issued upon said judgment on the 9th day of February, 1888, under which all of the land in controversy was sold to plaintiffs.

The deed made by W. C. Pierce, Sr., to W. C. Pierce, Jr., for the 65 acres and 23 acres tracts was dated the 19th day of October, 1885, and was recorded in the county clerk's office on the 7th day of February, 1888.

The 115 acres tract was conveyed to defendant by his father on the 1st day of July, 1887, and the deed was recorded on the 7th day of February, 1888.

On the 12th day of February, 1889, the father and mother of defendant made to him another deed for the 115 acres tract.

The deed to the defendant for the town lots was made on the 12th day of December, 1885, and was recorded on the 20th day of February, 1889.

The defendant proved that he was the son of W. C. Pierce, Sr., and was 21 years old in March, 1881; that during the years 1880, 1881, and 1882 he had worked for his father on his farm under a verbal agreement by

which he was to receive for his labor one-fifth of the products of the farm during said years; that no calculation or settlement was made between them until October, 1885, when it was agreed that the amount due the son for his three years' work was equal to the fair value of the land in controversy, and that the lands in controversy were conveyed in part payment of the debt; that one-fifth of the crop for the years mentioned was more than the fair value of the lands; that W. C. Pierce, Sr., conveyed all, or nearly all, of his property that was subject to execution about the date of said conveyances to his son, and the evidence tends to show that the father was then insolvent.

In October, 1885, the firm of Yarbrough & Pierce owed debts to the amount of about $10,000, which it was unable to pay.

W. C. Pierce, Jr., was a clerk and salesman for said firm from September, 1883, until it was dissolved in April, 1886.

With regard to the issue that the 115 acres tract was before its conveyance to the defendant the separate property of the wife of W. C. Pierce, Sr., the following was the only evidence:

"About 1863 W. C. Pierce, Sr., went into the army, and when he left home he placed in the keeping of his wife about all of his own money, and also some money which was her separate property, having been received by him as his wife's interest in her mother's estate. When he left for the army he requested a kinsman, one R. W. Chapman, to make some safe and profitable investment of his wife's separate money. When said Pierce, Sr., returned home, about the close of the war, his wife was in possession of a note which had been purchased during his absence from home by R. W. Chapman, and was given for the purchase money of and constituted a vendor's lien upon said 115 acres of land. Said note being unpaid at maturity, suit was brought on the same and to foreclose said lien—said suit being in the name of said W. C. Pierce as plaintiff. To satisfy the judgment rendered in said suit said 115 acres tract was sold, and deed was made by the sheriff to said W. C. Pierce, Sr., in October, 1872, and duly recorded soon thereafter."

Both parties assign errors.

Pierce complains that the court erred in admitting in evidence the index to the abstract of the judgment when the same failed to show the individual names of Yarbrough and Pierce or the full names of the firm of August, Bernheim & Bauer.

The evidence should have been excluded. The Revised Statutes direct that the index "shall show the name of each plaintiff and of each defendant in the judgment." Art. 3158; Nye v. Moody, 70 Texas, 434.

Wimberly & Philips offered evidence of declarations of W. C. Pierce, Sr., in the years 1885 and 1886, about what he purposed to use lumber for he was purchasing, and also to prove that in the early fall of 1885 said Pierce "procured the witness to correspond with reference to the

purchase of lots 4 and 5 in block 8 in the town of Lindale, and stated to said witness that he,.Pierce, desired to buy said lots."

Evidence was admitted showing that W. C. Pierce, Sr., contracted with carpenters to build a residence on said lots; that he bought and paid for lumber to build said dwelling, and that from the fall of 1885 until the trial of this cause he lived in the house, and that the house was built before the deed to the lots was made to his son.    The son testified that he purchased the lots with his own money and for his own use, and that he reimbursed his father for the money expended by him for building the house "by furnishing his father's family with provisions, or paying his father's account for provisions due to merchants in the town of Lindale, .and that his father's occupancy of the place was as a renter from him, .and that the rent had been agreed between them as an offset to his board with his father's family."

.  We think the declarations of Pierce were properly excluded.   We approve of the exclusion of the evidence offered to show that Pierce, Sr., procured the witness to correspond about the purchase of the lots in the absence of some evidence connecting their purchase when actually made with that correspondence.

Our conclusion with regard to the inadmissibility of the index to the abstract of the judgment dispenses with the necessity for us to consider questions of notice presented by the assignment of errors.   The record fails to show on what date the execution on the judgment in favor of August, Bernheim & Bauer was levied, but it shows that it was not issued until the 9th day of February, 1888.   The deeds from W. C. Pierce, Sr., to W. C. Pierce, Jr., for the three tracts conveyed by him were recorded on the 7th day of the same month, or two days before the issuance of the execution.

Wimberly & Philips contend that the court erred in overruling their motion for a new trial, because the verdict was contrary to the law, and because the evidence was insufficient to show that the 115 acres tract was the separate property of Mrs. Pierce, and because the preponderance of the evidence showed that lots 4 and 5 belonged to W. C. Pierce, Sr., etc.

.  Upon the issue with regard to the claim that the 115 acres was the separate property of Mrs. Pierce before she conveyed it to the defendant, the court, among other things, charged the jury that the presumption of the law was that the title was in the community and that it was "necessary in order to warrant the jury in finding that said note was purchased with Mrs. Pierce's money for that fact to be certainly and clearly shown by the evidence."

The evidence on the subject was wanting in fullness and particularity; and even conceding that the fact is not required to be established with "certainty," the evidence ought, we think, to make it appear more clearly than was done in this case.  .

Upon the issue of the indebtedness of W. C. Pierce, Sr., to the defendant, we do not think that the statute of limitations should be considered.

So far as the issue of the wife's separate property is concerned, we do not think that a verdict in favor of her title was responsive to the charge or sufficiently sustained by the evidence to be permitted to stand.

Upon the issue of the son's title to the Lindale lots we are not inclined to say that there is even a preponderance of evidence against it; but as the judgment must be reversed in all other respects and remanded for a new trial, and as upon the trial from which this appeal was taken a number of issues were involved which will not be subjects of controversy on another trial, we deem it proper to reverse and remand the whole cause, each party to pay one-half of the costs of this appeal, and it is so ordered.

*Reversed and remanded.*

Delivered October 14, 1890.