## Wightman v. Tucker et al.

1. FRAUD AND DECEIT—*Action for, When Maintainable.*—An action can not ordinarily be maintained for false representations as to the value of merchandise, but an exception to the rule exists when the property is at a distance and not conveniently accessible. Where a party in Chicago bought a stock of merchandise upon the representation of the vendor, the property being in Keokuk, Iowa, about twelve hours' ride from Chicago, with two or three railroad trains running daily, offering easy access, and over a week elapsed between the making of the representations and the consummating of the sale, within which time there was ample opportunity for the vendee to have examined the stock, *it was held* that the transaction did not come within the exception of the rule.

2. CONTRACTS—*Conditions Stated, but Not Contained in the Written Contract Afterward Made, Held to be Waived.*—Where parties entered into negotiations concerning the sale of a stock of merchandise and afterward reduced the contract of sale to writing, *it was held* that the written contract must be presumed to contain the agreement between the parties and all previous conditions not entered therein are waived.

3. WARRANTY—*A Puff of Commodities is Not.*—It is a well settled principle that persons dealing at arm's length with each other may puff their commodities to any reasonable extent, and expressions thus made, which are mere matters of opinion, will not afford grounds for an action of deceit.

4. FRAUD AND DECEIT—*Essential Elements of the Action.*—It is an essential element of the action for fraud and deceit that the false representations must have been known by the defendant to have been false or made by him recklessly, without reasonable grounds for believing it to be true, or under circumstances which show that he was careless, whether it was in fact true or false.

5. FRAUD AND DECEIT—*Statement as to Value, Quality, etc.*—The statement as to value, quality, and liens upon property, etc., made by parties dealing at arm's length with each other, and to those who have ample opportunity for making an examination and ascertaining as to their truth, followed by the execution of a written contract of sale in which is inserted one warranty, and which contains no allusion to such statements, is too indefinite to form the basis of the statement of deceit.

6. PLEADINGS—*Variations between Allegations and Proof.*—Where a person brought an action to recover the difference between the claimed value of an article and the actual worth, it appeared from the evidence that the agreement claimed was a warranty of the value of the goods that the goods were checked out per invoice at least $6,000; *it was held,* that this was a different thing from an agreement that the goods were of the value of $6,000.

**Memorandum.**—Action in case for deceit. Appeal from the Superior Court of Cook County; the Hon. GEORGE H. KETTELLE, Judge, presiding. Heard in this court at the October term, 1892, and affirmed. Opinion filed February 1, 1893.

### STATEMENT OF THE CASE.

This was an action on the case for deceit in selling a stock of goods. The sale was effected in Chicago, the goods then being in a store at Keokuk, Iowa.

Appellant in the negotiations said to appellee: "This invoice calls for $6,614, and you say you have been selling out of this stock. How many goods have you then at the present time?"

Mr. Craig, the agent, replied, "They have probably sold four or five hundred dollars worth, but I would be willing to go down to the bank and give you a bond that there are $6,000 worth of goods there." Mr. Craig also said that it was the stock of goods in Keokuk known as the "Fair;" that three parties had loaned $4,500 on the stock, and wished to realize on it; that it was a good stock of goods in good condition.

Thereupon the following agreement was made:

"This agreement made this 16th day of October, 1890, between T. F. E. Wiederhold and E. E. Wightman, witnesseth: T. F. E. Wiederhold, as agent for the sale of the 'Fair' stock, of Keokuk, Iowa, agrees to ship said stock as

soon as E. E. Wightman sends to Keokuk Savings Bank, warranty deed for twenty-four lots in Normal Park addition to Park Ridge, made to John E. Craig, trustee; said lots to be free and clear, also abstract of title to said lots, and release deed from mortgage now on said lots; said goods to check out per invoice at least (6,000) six thousand dollars; and said E. E. Wightman agrees to send twenty-four copies printed abstracts to said lots as soon as they are printed and properly certified, to John E. Craig at Keokuk, Iowa.

" T. F. E. Wiederhold, Agt.

" E. E. Wightman."

Appellant being unable to obtain the money to clear off an incumbrance on the lots, the arrangement was modified by his conveying twenty-eight lots, and appellee took them subject to an incumbrance of $16 dollars upon each lot.

The goods were shipped to appellant in Chicago, and when there by him examined, he not having seen them before, were found to be in very bad shape and condition, not of good quality, none of them salable. The buttons were a mixed lot, hardly any two alike; the millinery looked as though sprinkled and dust thrown over it; hats would not sell for over fifty cents apiece, although many were invoiced at $10 and $12 each. The invoice called for seventy-four cloaks, and there were only thirty-six in the stock; the best of these were invoiced at $30 each, but would not sell for $5. The trimmed hats were blackened, dusty and drenched. The tinware was all right, but the notions were ninety per cent unsalable.

The value of the entire stock was estimated by an expert to be less than $900.

Appellant packed the goods, stored them in a warehouse, and notified appellee that he refused to accept them.

Upon the trial, at the conclusion of the plaintiff's evidence, the court instructed the jury to find for the defendants.

Appellant's Brief, Pease & McEwen, Attorneys.

Appellant contends that in order to warrant the court in excluding plaintiff's evidence and directing a verdict of

not guilty, as to all of the defendants, it must appear that the evidence does not tend to prove the plaintiff's case. Tent v. T. P. & W. Ry. Co., 59 Ill. 351; Dormandy v. State Bank, 2 Scam. 559; Pawling v. U. S., 4 Cranch, 221; Holmes v. C. & A. Ry., 94 Ill. 440.

For a false warranty an action on the case lies at common law, independently of any *scienter*. That the warranty is made is sufficient and no *scienter* need be alleged. Chandler v. Lopus, Smith's Leading Cases; Cooley on Torts, 501.

The action on the case for deceit, if there is no warranty, must be founded upon a false representation, willfully made, of a material fact relied upon, and which may properly be relied upon, which deceives, and results in damage. Am. & Eng. Cycl. Law, Vol. 8, 636.

Representations as to value are not ordinarily fraudulent in law, but are when the property whose value is misrepresented is at a distance and not conveniently accessible. Reed v. Peterson, 91 Ill. 288; Withewax v. Riddle, 121 Ill. 145; Allen v. Hart, 72 Ill. 104; Mitchell v. McDougall, 62 Ill. 498; Bradley v. Luce, 99 Ill. 235.

And whether plaintiff should have traveled to see the stock is a question of fact for the jury. Eames v. Morgan, 37 Ill. 260.

APPELLEES' BRIEF, GIBBONS, KAVANAGH & O'DONNELL, ATTORNEYS.

There is no theory upon which this action could have been maintained for deceit or false representation. In order to maintain an action for damages because of fraudulent misrepresentations it is necessary to prove not only that the representations were of material fact and that they were false, but also that they must be known to have been false by the party making them. The Hutchinson Company v. Lyford, 123 Ill. 300; Holden v. Ayer, 110 Ill. 448; Wheeler v. Randall, 48 Ill. 112; Hiner v. Richter, 51 Ill. 299; Merwin v. Arbuckle, 81 Ill. 201; Schwabacker v. Riddle, 99 Ill. 343; Mitchell v. Deeds, 49 Ill. 416.

As to the warranty, it is the long established rule of this

court that a warranty must be as to a material fact, and not as to a matter of opinion. The expression as to value is never a warranty. Towell v. Gatewood, 2 Scam. 22; Reed v. Hastings, 61 Ill. 266; Schackelton v. Lawrence, 65 Ill. 175.

There does not appear in the record proof of any statement which could be construed otherwise than simply praise of the goods. Such expressions will never be construed into a warranty. The Carondelet Iron Works v. Moore, 78 Ill. 65, and cases cited; Hansen v. Busse, 45 Ill. 496.

In no event will an agent be liable for the false warranty. Seery v. Socks, 29 Ill. 313.

The appellant can not recover upon a warranty in this case because the contract was in writing and contains no warranty.

Having failed to include any warranty or guaranty in the writing, they will not be allowed to show the same by parol. 2 Greenleaf, 275, 281, and notes; Towell v. Gatewood, 2 Scam. 22; Wadhams v. Swan, 109 Ill. 46.

Opinion of the Court, Waterman, J.

Appellant concedes that an action can not ordinarily be maintained for false representations as to value, but contends that an exception to this rule exists when the property is at a distance and not conveniently accessible.

The property in this case which was the subject of representations, was at a distance, but was conveniently and easily accessible. Keokuk, Iowa, is about twelve hours' ride from Chicago, two or three railroad trains per day affording easy access; it seems that over a week elapsed between the making of those representations and the closing of the deal, within which time there was ample opportunity for appellant to have inspected this stock. Moreover, the goods were to be brought to Chicago and appellant might have stipulated for an opportunity to examine them before delivering his conveyance.

Whatever appellee Craig may have said in negotiating the sale as to his willingness to execute a bond that the

goods were worth $6,000, he did nothing of the kind, and when the contract was reduced to writing, no warranty as to value or quality was placed therein, the agreement being that Wiederhold, as agent for the sale of the "Fair" stock, agrees to ship the same to appellant, "said goods to check out as per invoice at least six thousand dollars." This is a different thing from an agreement that the goods then were or shall be of the value of $6,000. There was no evidence as to what the goods did check out as per invoice.

Appellant's action is not in disaffirmance of the contract; he does not sue to recover the value of the lots he conveyed, but by his evidence sought to obtain the difference between the claimed representation of value and the actual worth.

The contract of the parties is expressed in the written agreement made.

The only untruthful representation than can be considered as of any consequence was, that it was "a good stock of goods in good condition;" this was not only an indefinite commendation concerning a matter about which the appellant had ample opportunity for examination (see Miller v. Craig, 39 Ill. 109, and Tuck v. Downing, 76 Ill. 71-97-99), but a matter which the parties thought of so little consequence, that no mention was made of it or of any statement as to value, in the written contract afterward executed; that does contain one, and only one, warranty, viz.: that the goods shall check out as per invoice, at least, $6,000.

The principle that persons dealing at arm's length, as these parties were, may puff their commodities to any reasonable extent, and that expressions thus made which are mere matters of opinion, will not afford ground for an action of deceit, not only is applicable to this case, but the circumstances show that the representation upon which reliance was placed was that as to checking out. See Towell v. Gatewood, 2 Scam. 22-25; Schramm v. O'Connor, 98 Ill. 539; Noetting v. Wright, 72 Ill. 390.

It is an essential element of the action for deceit, that the false representation must have been known by the defendant to have been false, or made by him recklessly, that is

to say, without reasonable grounds for believing it to be true, or under circumstances which show that he was careless, whether it was in fact true or false. Benjamin on Sales, 390. Nothing of the kind is alleged in the declaration filed in this case.

The statements as to value, quality, what had been loaned on the property, etc., were made by parties dealing at arm's length, and to those who had ample opportunity for making an examination and ascertaining their truth; followed, as these representations were, by the execution of a written contract, in which was inserted one warranty, and which contract contained no allusion to such statements, we deem them as too indefinite to form the basis of an action of deceit. See Dillman v. Nadlehofer, 119 Ill. 567, and authorities.

Upon the warranty that the goods should check out as per invoice, at least, $6,000, no action has been brought.

Appellant did not make out a case entitling him to a verdict, and the evidence was properly excluded. Judgment affirmed.