## Lawrence Martin v. James Davis, Appellant.

**Landlord and Tenant.** A writing, "agreement. This is to certify that I have rented my farm for the year 1895 for the sum of $300, payment to be stated in contract of the said D. (signed) L. M.," is a memorandum of a lease and not an executed lease.

**Fraud.** When a tenant, while negotiating for a lease falsely represents that he has paid the rent of the farm last rented by him and that he is solvent, the landlord may refuse to complete the lease.

**Trespass: injunction.** Equity will enjoin a continuous trespasser upon land, who is insolvent.

*Appeal from Chickasaw District Court.*—Hon. W. A. Hoyt and L. E. Fellows, Judges.

### Saturday, January 25, 1896.

Suit in equity to enjoin the defendant from trespassing on certain real estate. A temporary injunction was allowed. A motion was made to dissolve the injunction, which motion was overruled. Later

on, another motion to dissolve was presented, and this last motion was stricken from the files on motion of the plaintiff. Defendant appeals.—*Affirmed.*

*J. R. Bane* for appellant.

*H. L. Spaulding* and *Springer & Clary* for appellee.

Rothrock, C. J.—It appears from the petition for an injunction and the affidavits in support and resistance of said motions to dissolve that the plaintiff is the owner of a farm which he leases to tenants. On the eighth day of August, 1894, the plaintiff made and signed the following writing: "Elma, Iowa, 8-18, 1894. Agreement. this is to sertify that I have rented my farm for the year 1895 for the sum of three hundred dollars payment to be stated in contract to the said James Davis. [Signed] Lawrence Martin."

No other written agreement was made, but, as the memorandum above indicates, a written contract was to be afterwards entered into. It appears that there was a house on the farm, which was occupied by a tenant, and that his lease did not expire until March, 1895. But the defendant herein went on the land and did some plowing. It does not appear how much work he did on the farm. The plaintiff objected to the defendant going on the land to do any work, on the ground that his acts were repeated and continuous trespasses, and this action was commenced, and a temporary injunction allowed.

It is claimed in behalf of appellant that under the facts an injunction will not lie. An examination of the petition for injunction shows that the defendant is insolvent, and that he did not at any time have any lease of the land, and that without authority he persisted in repeatedly trespassing thereon. It is, as we think, satisfactorily shown by

the affidavits presented and considered by the court on both motions that the plaintiff refused to enter into any written contract, because, when the memorandum above set out was signed, and as an inducement to the plaintiff to lease his farm to the defendant, the latter represented that he had paid the rent of the farm which he had for that year; that he had considerable personal property, such as horses, cattle, and hogs, on which he would give security for the rent, as well as on the crops to be raised. It further appears that defendant had not paid his rent for that year; that he had not farmed any other place satisfactorily; that he had very little of the personal property he had claimed to have, and what he did have was incumbered; and he had nothing with which to secure the rent as it was agreed to be secured. Under this state of facts the plaintiff was entitled to the writ of injunction. Equity has jurisdiction of an action which seeks a remedy for repeated and continuing acts of trespass, where the party committing the same is insolvent. Story, Eq. Jur. section 928; *Cowles v. Shaw*, 2 Iowa, 496; *Gibbs v. McFadden*, 39 Iowa, 371; *City of Council Bluffs v. Stewart*, 51 Iowa, 385 (1 N. W. Rep. 628). The argument for appellant proceeds in part upon the theory that the memorandum made on the eighteenth day of August constituted a complete contract. The whole record shows that the parties did not so consider it. If the defendant made false representations, and was insolvent, as above stated, the plaintiff was under no obligation to complete the contract, but had the right to rescind what was done. The case demands no further consideration. We will not set out the affidavits for and against the dissolution of the injunction. Upon the showing made, the court rightly overruled the motions to dissolve.—*Affirmed.*