MICHAEL SCOTT, Appellant, v. T. L. BURNIGHT, Appellee.

**False representations as to values:** SUBMISSION OF ISSUES. The
1   statements of a vendor as to the value of the land made on a
professed knowledge of the facts and to a vendee known to be
ignorant on the subject, when coupled with any artifice in-
tended to deceive, may amount to more than a mere expression
of opinion and give rise to an action for fraud; and if the evi-
dence justifies a reasonable difference of opinion on the ques-
tion of fraud the issue should be submitted to the jury.

**Same:** DUTY TO INVESTIGATE. It is only where the means of knowl-
2   edge as to the value of land is equally open to both parties that
a vendee may not rely on the statements of the vendor.

*Appeal from Plymouth District Court.*— HON. F. R. GAY-
NOR, Judge.

SATURDAY, MAY 12, 1906.

REHEARING DENIED WEDNESDAY, SEPTEMBER 26, 1906.

ACTION at law to recover damages for fraud and mis-
representation in connection with a sale of real estate. At
the close of plaintiff's evidence there was a directed verdict
and judgment for costs in favor of defendant. Plaintiff
appeals. *Reversed.*

*W. T. Kidd* and *Struble & Struble,* for appellant.

*McDuffie & Keenan,* for appellee.

BISHOP, J.— At the time of the transaction in question
plaintiff owned and resided on a farm of one hundred and
sixty acres situated in Plymouth county. Defendant also
resided in said county, and was a dealer in lands. Among
other properties he owned a quarter section of land in Hyde
county, S. D. In August, 1903, an exchange of properties

was made between these parties; defendant taking the farm of plaintiff at $56 per acre, and plaintiff taking the Dakota land at $20 per acre, defendant paying the difference in cash. It is the present contention of plaintiff that, to induce him to make such exchange of properties, defendant falsely and fraudulently represented to him that the Dakota land was worth $20 per acre, and that such land was then in the hands of a real estate agent, who lived in a town nearby the land, for sale at $22 per acre; further, that the rental value of said land per year was the sum of $1 per acre; and that it would rent for that sum. In proof of the falsity of such representations, plaintiff brought forward evidence to the effect that the Dakota lands were worth not to exceed $5 per acre, and that the rental value thereof was only about the sum of $15 per year for the entire quarter section. It was also made to appear that defendant was familiar with said lands, while plaintiff had no knowledge in respect of the same, except as gained from the statements made by defendant. As a witness on his own behalf, plaintiff testified to representations made by defendant as alleged in his petition. He further testified that, in connection with the negotiations, he expressed to defendant his desire to get his money invested where it would bring him an income of 5 per cent. per annum, whereupon defendant offered in case the exchange was made to take a lease of the land himself for a period of three years at $1 per acre. And it appears that, upon the trade being made, defendant did take such a lease and gave to plaintiff on account of the rent three notes of $160 each, payable in November of the years 1904, 1905, and 1906, respectively. The allegation respecting the subject-matter thus testified to in particular is that the offer by defendant to take such lease was intended to give emphasis to his false representation as to the value of said land and as to the rental value thereof, and the more perfectly to deceive and defraud plaintiff.

Counsel for appellee defend the action of the trial court

in directing a verdict upon two grounds: (1) The claimed misrepresentations were matters of opinion only, and not statements of facts upon which fraud can be predicated. (2) Plaintiff did not take any steps nor use any means to ascertain the truth of the statements made, although he had the opportunity to do so.

I.   It is quite true as a general rule that " a representation which merely amounts to a statement of opinion, judgment, probability or expectation   .   .   .   goes for nothing, though it may not be true, for a man is not justified in placing reliance upon it. "   Kerr on Fraud and Mistakes, 82.   But, when representations shown to have been made amount to an affirmation of the existence of material fact conditions, quite a different conclusion may be dictated.   In such cases, if the affirmation is false, is calculated to deceive, and does deceive, and the other party has not estopped himself by his own fault, an action may be maintained to recover damages actually sustained.   As illustrative of the principle involved, see the following cases: *Brett v. Van Auken,* 99 Iowa, 553; *McGibbons v. Wilder,* 78 Iowa, 535; *Mitchell v. Moore,* 24 Iowa, 394; *Schneider v. Schneider,* 125 Iowa 1; *Reeves v. Corning,* (C. C.) 51 Fed. 774.   And it is a well-understood doctrine that equity is not bound by the form of words used.   Accordingly a representation which, fairly considered, was intended to disclose a material fact condition, may be actionable, although couched in the form of an opinion.   *Teachout v. Van Hoesen,* 76 Iowa, 113.   And especially is this true where the purchaser is not only ignorant in respect of conditions, but the property is at such a distance as to not be conveniently accessible to personal inquiry and inspection.   *Bacon v. Frisbie,* 15 Hun (N. Y.) 26; *Parry v. Parry,* 80 Wis. 122 (48 N. W. 654); *Wightman v. Tucker,* 50 Ill. App. 75.

*1. FALSE REPRESENTATION AS TO VALUES: submission of issue.*

Now, here the property which was the subject of the trade was situated in another state, and therefore not con-

veniently accessible. The representations were that it was worth $20 per acre; and the rental was 5 per cent. on that sum, or $1 per acre — that it would rent for that sum. These representations within the contemplation of the jury may well have been accepted as amounting to a fact assertion that lands in that vicinity, similarly located and conditioned, were being held and selling at $20 per acre, and were being rented at $1 per acre. And in view of the fact, established by confession upon the face of the record as it stands, that the representations were grossly untrue, it is not altogether improbable the jury may have been moved to act upon the belief that the proposal by defendant to take a lease was but an artifice made use of by him upon discovering the nature of plaintiff's desire as to investments, as an efficient aid to the perpetration of a fraud. That an assertion as to values professed to be made upon knowledge of the facts, and made to one known to be ignorant on the subject, especially where aided by an artifice well calculated to deceive, may give rise to an action as for fraud is fairly within the rule of the cases cited. See, also, the following: *Adams v. Soule,* 33 Vt. 538; *Griffing v. Diller,* 66 Hun, 633, 21 N. Y. Supp. 407; *Kennar v. Harding,* 85 Ill. 264 (28 Am. Rep. 615); *Bolds v. Woods,* 9 Ind. App. 657 (36 N. E. 933). And where reasonable minds may differ the question whether fraud has been made out is one for the jury. *Davidson v. Vorse,* 52 Iowa, 384; *Gee v. Moss,* 68 Iowa, 318; *Ladner v. Balsley,* 103 Iowa, 674.

II. Plaintiff was not bound at his peril to go from Iowa to Dakota to ascertain whether or not defendant had told him the truth. It is only in cases where the means of knowledge is equally open to both parties that the vendee 2. SAME: duty to investigate. of real estate incurs peril by putting himself in the hands of the vendor. *McGibbons v. Wilder,* 78 Iowa, 531; *Bell v. Byerson,* 11 Iowa, 233.

We conclude that the case should have gone to the jury, and that such may obtain the judgment must be, and it is, *reversed.*