Davis, J.
A statement of value may be given either as an opinion or as a statement of fact. All the authorities agree that if a statement of value is given as an opinion merely it cannot be regarded as a foundation for an indictment. But if the statement is made as an existing fact, when the accused knows it to be false and intends it to be an inducement to the other party, and it is so understood and relied upon by the other party, then it becomes a false representation of a material fact for which the party making the representation is indictable. Whether the representation of value is intended as an expression of opinion, or whether it was made as a statement of an existing fact which the speaker intends to be an inducement to the other party, is therefore a material question of fact to be determined by the jury.
There is no novelty in this view of the law. In Reg v. Evans, 8 Cox, C. C., 257, it was said by Pollock, C. B.: “As my brother, Crowder, J., has suggested, if the prisoner had represented the note to be of the value of £5 when she knew it was not of that value, she might have been guilty of false pretenses.” In People v. Peckens, 153 N. Y., 576, 591, the court say: “It is insisted that many of the representations to the complainant and her husband, which induced the making and delivery of her deed, were expressions of opinion, and al *472 though false and known to be so, no liability resulted. As a general rule, the mere expression of an opinion, which is understood to be only an opinion, does not render a person expressing it liable for fraud. But, where the statements are as to value or quality, and are made by a person knowing them to be untrue, with an intent to deceive and mislead the one to whom they are .made, and he is thus induced to forbear making inquiries which he otherwise would, -that may amount to an affirmation of fact rendering him liable therefor. In such a case, whether a representation is an expression of an opinion or an affirmation of a fact is a question for the jury. The rule that no one is liable for an expression of an opinion is applicable only when the opinion stands by itself as a distinct thing. If it is given in bad faith, with knowledge of it untruthfulness, to defraud others, the person making it is liable, especially when it is as to a fact affecting quality or value and is peculiarly within the knowledge of the person making it. (Watson v. People, 87 N. Y., 561; Simar v. Canaday, 53 N. Y., 298; Hickey v. Morrell, 102 N. Y., 454, 463; Schumacher v. Mather, 133 N. Y., 390, 595.)” The same view of the question is presented in Holton v. State, 109 Ga., 127, 130; and also in People v. Jordan, 66 Cal., 10, 13, 14.
Simar v. Canaday, 53 N. Y., 298, was a civil action for damages for an alleged fraud in inducing the plaintiffs to convey certain premises. The court, at page 306, said: “The defendant contends that the representations alleged to have been made by the defendant were not such as to afford a ground for an action. It is first insisted that *473 the statements as to the value of the lands and of the mortgages thereon were mere matter of opinion and belief, and that no action could be maintained upon them if false. If they were such, no liability is created by the utterance of them; but all statements as to the value of property sold are not such. They may be, under certain circumstances, affirmation of fact. When known to the utterer to be untrue, if made with the intention of misleading the vendee, if he does rely upon them and is misled to his injury, they avoid the contract. (Stebbins v. Eddy, 4 Mason, 414-423.) And where they are fraudulently .made of particulars in relation to the estate which the vendee has not equal means of knowing, and where he is induced to forbear inquiries which he would otherwise have made, and damage ensues, the party guilty of the fraud should be liable for the damage sustained. (Medbury v. Watson, 6 Metc., 246, per Hubbard, J.; and see McClellan v. Scott, 24 Wis., 81.)” More recently the cases of Coulter v. Minion, 139 Mich., 200, and Scott v. Burnight, 131 Ia., 507, are to the same effect.
These considerations determine every question raised upon the record and therefore the judgment of the circuit court is

Affirmed.

Price, Crew, Summers and Spear, JJ., concur.