CLARENCE D. KELTY, and CLARENCE D. KELTY and EMILY S. KELTY, as Executors of William H. Kelty Estate, Appellees, v. HENRY McPEAKE, Appellant.

**Contracts:** FALSE REPRESENTATIONS: RESCISSION. Misrepresentations authorizing the rescission of a contract must be of some existing condition or present fact, and not a mere promise to be performed in the future; nor will the mere expression of an opinion ordinarily authorize rescission. It is not necessary however that the representations be the sole inducement to the making of the contract, it is sufficient if they contribute to that end; nor need it be shown that the defendant knew the representations to be untrue.

**Same:** LANDLORD AND TENANT: CANCELLATION OF LEASE. A landlord is entitled to rescind and cancel a contract of lease where the tenant during negotiations for the lease falsely represented his indebtedness and the value of his property, and such representations were an inducement to the making of the lease and were relied upon; and where it also appeared that defendant was practically insolvent at the time, and subsequent to the lease mortgaged his property thus creating a lien prior to that of the landlord under his lease, which mortgage was foreclosed and the proceeds distributed among his creditors about the time the term under the lease was to commence.

**Same:** ESTOPPEL. A landlord is not estopped from maintaining an action to cancel a lease on the ground of false representations of the tenant as to his financial condition, because of his failure to examine the public records to ascertain his indebtedness; as he was entitled to rely on the tenant's statement regarding his property and debts.

*Appeal from O'Brien District Court.*—HON. WILLIAM HUTCHINSON, Judge.

SATURDAY, JUNE 5, 1909.

Rehearing Denied Friday, September 24, 1909.

SUIT in equity to set aside and cancel a lease made by plaintiffs to defendant on the ground of fraud and mis-representation in procuring the same. Decree for plaintiffs, and defendant appeals.—*Affirmed.*

*C. A. Babcock,* for appellant.

*O. H. Montzheimer,* for appellees.

DEEMER, J.—On or about August 6, 1907, plaintiffs, as executors of the William H. Kelty estate, entered into a written contract of lease with the defendant, whereby they undertook that he should have the right to the use and possession of three hundred and twenty acres of land belonging to the estate for the period of three years from and after the 1st day of March, 1908, at the agreed rental of $1,100 per year. The payments of rent were evidenced by six promissory notes of $550 each, executed and delivered on the same day as the lease. Pursuant to the lease defendant went upon the land, and did some fall plowing before the commencement of the term. The petition charges that the defendant made the following misrepresentations as an inducement to the making of the lease:

He (defendant) represented and stated to the plaintiffs, and to the said Clarence D. Kelty, as such executor, that he had certain personal property, [describing it]; that he owed no debts, excepting a sum due to the Sanborn Savings Bank and Henry Stubbendick, amounting in the aggregate to not more than $900; that he was financially able to farm the said premises and pay the rent demanded therefor; that he had no incumbrance on his said personal property, excepting the amount due said Sanborn Savings Bank or to J. H. Daly, the cashier of said bank, and Henry Stubbendick; that he owed in the aggregate not more than $1,000, besides $475 rent due for 1907;

that the said defendant further stated and made representations to the plaintiffs with a view to make them believe that he would move onto and farm the said land, and there would be no incumbrance on his personal property.

Plaintiffs further charged:

That the said lease further gave the lessor a lien upon the lessee's share of crops, and upon the teams, harness, wagons, cattle, hogs, sheep, tools, machinery and implements to be brought by the tenant upon the leased premises; that since the execution of said lease said defendant has executed to the Sanborn Savings Bank a chattel mortgage for $1,400 upon the personal property which he contemplated, and contemplates, taking upon the mortgaged premises, the same consisting of the same personal property upon which lessor was given a lien by said lease; that the execution of said chattel mortgage and recording thereof has created, in favor of said Sanborn Savings Bank a lien to the amount of $1,400, which is prior to the lien of lessors under said lease, and that by reason thereof the plaintiffs have been deprived of the lien created by said mortgage; that the enforcement of the mortgage lien so recorded in favor of said bank operates to practically extinguish any claim or lien plaintiffs or lessors might have upon said personal property; that thereby the terms of said lease have been violated by the said defendant, and plaintiffs have elected to cancel and rescind the same.

It is also alleged that defendant was insolvent when the lease was made, and at all times since. Return of the notes and an offer to pay the value of the fall plowing is also pleaded. The answer is practically a general denial.

For appellant it is contended that the decree is without support in the testimony, in that no fraud, misrepresentation, or other fact is shown which would justify the cancellation of the lease. It is contended that no issue is raised regarding defendant's solvency, but counsel in making this claim overlook the record, which shows an amendment to the

1. CONTRACTS: false representations: rescission.

petition, charging defendant's insolvency both when the
lease was made and when the term thereby created was to
commence.    Indeed the record does not show that any
answer was filed to the amendment to the petition charging
insolvency.    The main points in the case are ·chiefly of fact,
the law being well settled, especially that branch of it re-
lating to fraud and misrepresentation which will justify
the setting aside of a contract.    The misrepresentation must
be of some existing condition or present fact, and not a
mere promise to be performed in the future.    Ordinarily
a mere expression of opinion is not such a fraud as will
justify rescission of a contract.    It is not necessary that
the representations be the sole inducement to the making
of the lease.    If they were one of the inducements thereto,
they are sufficient.    *Baker v. Mathews*, 137 Iowa, 410.
Nor need it be shown that defendant knew the representa-
tions made by him were false and untrue.    The action is
in equity, and in such cases knowledge of the untruthful-
ness of the statements made by defendant need not be
shown.

The law of the case is stated in *Martin v. Davis*, 96
Iowa, 718, where it is held that, if a tenant, while nego-
tiating for a lease, falsely represents that he had paid the
rent of a farm last rented by him, and that
2. SAME: landlord  he is solvent, the landlord may refuse to
   and tenant:
   cancellation    complete the lease and maintain an action
   of lease.
enjoining the tenant from trespassing upon
the land.    From a careful reading of the record we are
satisfied with the conclusion of the trial court to the effect
that defendant, while negotiating for the lease, falsely rep-
resented his then existing indebtedness, and also the amount
and value of his property.    A large tract of land was
leased, and it was designed for use as a stock farm, and
not for cropping purposes.    The amount of defendant's
property, and the extent of his debts, was a very material
consideration, and, according to the testimony, the state-

ments made by defendant constituted one of the induce-
ments to the making of the lease, and were relied upon by
plaintiffs, who had no knowledge of their falsity until about
the time this action was commenced.   Moreover, it suffi-
ciently appears that defendant was practically insolvent
when the lease was made; that after the execution thereof
he mortgaged his property, which would be a lien thereon
prior to any claim of plaintiffs under the lease.   Again,
it appears that this mortgage was foreclosed about the time
the term was to have commenced, and the proceeds were
distributed among defendant's creditors.   These facts being
established, they present a clear case for rescission and can-
cellation of the lease, unless there be something ·more to
the case.

- It is said· in argument that plaintiffs did not act in
good faith in cancelling the lease; that they had an ul-
terior motive in so doing; that the means of knowing the
truth of defendant's statements were open to
them; and that they are estopped from tak-
ing advantage of defendant's misstatements, if any were
made.   They also contend that defendant was not compelled
to keep himself in a solvent condition after the making of
the lease, or to take any property upon the leased premises.
With some of these contentions we may agree.·   But we do
not find that plaintiffs are estopped from taking advantage
of defendant's misstatements in securing the lease.   They
were not bound to go to the record, but had the right to
rely upon what defendant said regarding his property and
the amount of his debts.   See case cited, and notes in 37
L. R. A. 594, 497, 603, 604; *Baker v. Mathews, supra,* and
*Scott v. Burnright,* 131 Iowa, 507.

3. SAME: estoppel.

We need not consider the effect of defendant's insol-
vency taken alone; for, when viewed in connection with his
misstatements, it is enough to make out a clear case for
cancellation of the lease.   Nor need we consider the effect
of his placing mortgages upon his property· which would

have been superior to plaintiff's landlord lien had the property been taken upon the leased premises.   The case may safely be planted upon defendant's fraud and misrepresentation regarding the amount of his property and the character and extent of his indebtedness.   It is not true that this fraud was merged in the lease, as is contended for defendant.   Fraud is never so obscured.   The parol evidence rule does not apply to such cases.   It is true that defendant denies most of the alleged statements, but plaintiffs seem to have the weight of the testimony on their side, and they should have the relief asked.   Plaintiffs also have some confirmation in the circumstances surrounding the case.   They were renting a large farm, and acting in a representative capacity.   It would be natural for them to make the inquiries they say they did, and to have relied upon the statements made by the defendant.   They would naturally refuse to rent to one who was insolvent, and who had not apparent resources whereby to meet his obligations or to successfully conduct the farm.   Defendant concededly did not have these, and he practically put it out of his power to conduct the place as a stock farm.

Other matters are discussed, which need not be considered, for they are collateral and incidental to the main points; and, while interesting perhaps to counsel, shed no light upon the main proposition.

The decree seems to be right, and it is *affirmed*.