## TULL v. TURLEY.

### No. 3559.

Court of Civil Appeals of Texas. Amarillo.
March 11, 1931.

Rehearing Denied April 1, 1931.

Storey, Leak & Storey, of Vernon, for appellant.

Berry, Warlick & Gossett, of Vernon, for appellee.

### RANDOLPH, J.

This suit was brought by appellee, Turley, against appellant, Tull, to recover damages for the breach of a rental contract. Judgment for appellee, and Tull appeals therefrom.

The parties will hereinafter be styled as in the trial court.

The plaintiff's first amended original petition alleged substantially the following: That the defendant was the owner of certain land, describing same, which he leased to the plaintiff for the year 1930 for a rental of one-fourth of the cotton and one-third of the feed crop grown thereon; that it was understood that plaintiff was to plant 25 acres in alfalfa, 25 acres in other feedstuff, and approximately 110 acres in cotton. Further, it is alleged that in the latter part of January or the early part of February, 1930, he began making preparations of the premises so that he could move his family upon same, and that on the 6th of February, 1930, defendant rented the premises to a man named Huff, who moved onto the premises on that date; that he immediately gave Huff notice to vacate, and on the 10th of February, 1930, instituted forcible entry and detainer proceedings in the justice court against Huff, and prosecuted same to judgment in that court; that Huff thereupon appealed to the county court, and the cause was there dismissed by the plaintiff.

Further, plaintiff alleges that he would have made during the crop year of 1930 at least 100 bales of cotton, of which three-fourths would have belonged to him, and that he would have received at least $75.00 per bale for the cotton; that he would have made at least 15 tons of alfalfa of the reasonable market value of $20 per ton, and that from the other 25 acres of feed he would have made at least $20 per acre, being the estimated gross value of such feed; that he would have received two-thirds thereof; that, after deducting all the necessary and reasonable expenses of planting and cultivating and gathering the crops, he would have realized a pecuniary benefit to himself in the sum of $5,000; that he had been compelled to rent a house at $25 per month and seeking damages of $250 for that item.

Defendant's answer consisted of a general exception, special exception, general denial, and a special plea setting out that he (the defendant) did rent the premises described to the plaintiff; that it was the understanding that the plaintiff was to furnish himself all implements and everything save the land; that the plaintiff represented to the defendant that he was the owner of sufficient tools and implements with which to work said premises, and that he was able financially to handle the crop without assistance from appellant. It was further agreed between the parties that plaintiff was to move upon the premises as soon as it was vacated by the then tenant, and defendant was to prepare the land to be sowed in alfalfa in the fall of 1929 and do certain other things set out in the answer; further, that defendant relied upon the statements of the plaintiff, and, believing them to be true, agreed to rent said premises to plaintiff for the year 1930; that plaintiff was not at the time he made said lease contract the owner of sufficient tools and implements with which to work said premises, and that he was not thereafter, up to the 5th of February, 1930, financially able to do so; that he wholly failed to prepare the land for alfalfa; that the representations made by plaintiff were false, and were made for the purpose of inducing defendant to lease said premises to the plaintiff.

Defendant in said special plea further alleged that on the 5th of February, 1930, the plaintiff told him that he could not handle the farm unless he (the defendant) would finance him, which defendant refused to do, and thereupon plaintiff stated he was "blowed up," and that defendant, believing that plaintiff had surrendered his contract, leased the premises to another party.

The case was tried before a jury, and, on their answers to issues submitted, the court rendered judgment for the plaintiff for the sum of $1,317.55.

Defendant's first proposition of error on the part of the trial court is as follows:

"Where appellant pleaded that at the time of the making of the rental contract, for the

breach of which appellee is seeking damages, that appellee represented to the appellant that he, appellee, was able to furnish himself and was the owner of sufficient teams, tools and implements with which to properly farm the leased premises, and the appellant further alleged that he, believing the statements of the appellee were true, and relying thereon, made said lease contract with the appellee, and that he would not have done so had he known that said statements were not true, and further pleaded that said statements and representations were false, and where the appellant offered testimony supporting these allegations, it was the duty of the Trial Court to affirmatively present such issues to the jury upon request in writing by the appellant, and the failure of the court to give special charges requested. by the appellant submitting such issues, or to incorporate such issues in the court's charge, was error."

The trial court's charge was excepted to by the defendant on the ground that it wholly failed to submit to the jury the issue of fraud pleaded by defendant. The defendant also tendered special issues covering his allegations of fraud, which the court refused to submit to the jury, and to which action of the court he duly excepted. The court, in lieu of a charge on the issue of fraud pleaded, submitted to the jury:

"Do you find from a preponderance of the evidence that on and before the 5th of February, 1930, the plaintiff had such financial arrangements as would have enabled him to carry out the rental contract with the defendant?"

█ This last issue does not present the issue of fraud as pleaded by the defendant. It has been held many times by the courts of this state that the defendant has a right to have submitted to the jury the affirmative of his defenses.

█ The defendant asserts his right to set aside his contract for the false representations made by the plaintiff, and he was entitled to the direct presentation of the issue of fraud under his pleading to the jury.

██ In order for the defendant to have the right to set aside a contract for fraud and misrepresentation, the misrepresentation must be of some existing fact, and, where the defendant charges the plaintiff with having made false representations of his financial condition, which induced the defendant to enter into the contract, it is not necessary that it be charged that the representations were the sole inducement to the making of the lease. Kelty v. McPeake, 143 Iowa, 567, 121 N. W. 529.

█ A lease may be set aside by the lessor on the ground that it was procured by fraud. 1 Tiffany, 293b.

"It is manifestly a result of natural justice, that a party ought not to be permitted to avail himself of any agreement, deed, or other instrument, procured by his own fraud, or by his own violation of legal duty, or public policy, to the prejudice of an innocent party. 2 Story, Eq. § 695." Crayton v. Munger, 9 Tex. 291, 292.

See, also, Bankers' Trust Co. v. Calhoun (Tex. Civ. App.) 209 S. W. 826; Bankers' Trust Co. v. James (Tex. Civ. App.) 209 S. W. 830; Wolff v. Cohen (Tex. Civ. App.) 281 S. W. 846.

That the defendant had the right to have his defenses presented from the standpoint of his pleadings, see Quanah, A. & P. Ry. Co. v. Lancaster (Tex. Civ. App.) 207 S. W. 606; Missouri, K. & T. Railway Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058; Galveston, H. & S. A. Railway Co. v. Washington, 94 Tex. 510, 63 S. W. 534; Colorado & S. Railway Co. v. Rowe (Tex. Com. App.) 238 S. W. 908; Hutchenrider v. Smith (Tex. Com. App.) 242 S. W. 204; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, 522.

The defendant testified to the representations as alleged in his answer, and should have had an affirmative of his defenses presented to the jury as he requested.

█ The plaintiff's petition fails to allege such items of expense which the plaintiff would have reasonably incurred in cultivating, harvesting, and marketing the crop, and the evidence fails to show the same, but the plaintiff attempts to testify to a net profit, after deducting the expenses which he says he would have incurred, without itemizing them. Hence, defendant's special exception thereto should have been sustained, and the evidence, failing to furnish such proof, was not admissible, as the pleading did not authorize it. Holloway Seed Co. v. Bank, 92 Tex. 187, 47 S. W. 95, 516; McConnell v. Payne (Tex. Civ. App.) 229 S. W. 355; Springer v. Riley (Tex. Civ. App.) 136 S. W. 577.

█ The plaintiff did not show himself to be a qualified witness to testify as to the market value of the cotton which he would have made on the leasehold if he had been permitted to carry out his contract. He testified that he thought he was familiar with the cotton business, had grown and marketed cotton from year to year, but that, since he had no cotton to sell he had not kept up with the market this year (1930). He was therefore not possessed of a knowledge of the market price of cotton such as would entitle him to make an "estimate" of the value of the crop.

For the errors indicated, the judgment of the trial court is reversed, and the case is remanded for a new trial.

**1104**

### On Motion for Rehearing.

Supplemental to our original opinion, and for the purpose of covering two questions not discussed in that opinion, we file the following:

 The trial court submitted to the jury the issue as to whether or not the plaintiff had such financial arrangements as would have enabled him to carry out the rental contract with the defendant. This issue was improperly submitted, for the evidence did not show any arrangement or understanding made with any person for that purpose by the plaintiff which had been brought to the knowledge of the defendant and upon which the defendant could rely to authorize the submission of such issue. It is true that the witness Roberts, who appears to have been a man with considerable property, testified that he told the plaintiff, who was his son-in-law, that he would stand behind him and enable him to carry out his contract with the defendant. But it was not shown that this was ever communicated to the defendant. Such an agreement, being an agreement to stand good for the debt or default of another person, in order to be binding, must have been in writing and made direct to the defendant in order for the defendant to have legally relied on same.

"The rule, 'Res inter alios acta,' precludes introduction of evidence of transactions by which the proponent was in no way affected and to which he was in no sense a party. Levine Bros. v. Mantell, 111 S. E. 501, 504, 90 W. Va. 166." Words and Phrases, Third Series, Vol. 6, page 745. Pierce v. Wimberly, 78 Tex. 187, 14 S. W. 454; Griffith v. Lake (Tex. Sup.) 12 S. W. 285.

The measure of damages which the plaintiff was entitled to recover, if any, would be the market value of three-fourths of the cotton and two-thirds of other crops of feedstuff, after deducting all expenses of planting, cultivating, harvesting, and marketing the whole of the crop, and the court erred in submitting to the jury the issue he did submit, which issue so submitted was in words as follows:

"What would be the reasonable cash market value of the crops which the plaintiff Turley would have grown in reasonable probability on defendant Tull's farm during the crop year of 1930, after deducting all expenses reasonable and necessary in planting, cultivating, harvesting and marketing such crop?"

The last paragraph is to be understood as being in connection with the discussion in the original opinion of the itemization of the expenses attending the crop production attempted to be estimated by the plaintiff and his witnesses, as to which the plaintiff testified as to the net profit on the crop.

Appellee's motion is therefore accordingly overruled.