Jay Darrell FENBERG, Sam Fenberg, and Mollie Fenberg, Appellants,

v.

Betty Lou FENBERG, Appellee.

No. 6703.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 28, 1957.

Rehearing Denied Nov. 25, 1957.

Snodgrass & Calhoun, Amarillo, for appellants.

Underwood, Wilson, Sutton, Heare & Boyce and C. A. Stein, Amarillo, of counsel, for appellee.

NORTHCUTT, Justice.

Betty Lou Fenberg, hereinafter referred to as appellee, sued Jay Darrell Fenberg

for a divorce and made Sam Fenberg and Mollie Fenberg, father and mother of Jay Darrell Fenberg, parties to the suit for the purpose of recovering certain property and especially one certain diamond ring or its value. The question of divorce was submitted to the court. Appellee was granted a divorce from Jay Darrell Fenberg and no appeal was taken as to the granting of the divorce and no further consideration will be given to that part of the suit. As the trial proceeded, the sole question developed as to reasonable attorneys' fee and as to whether appellee was entitled to recover the value of one diamond ring which appellee alleged to be of the value of $7,500 as against Sam Fenberg and Mollie Fenberg. The question of attorneys' fee is not involved in this appeal. The sole question herein is whether the court erred in granting judgment for appellee against the appellants, Sam and Mollie Fenberg, for the value of the ring in question. Sam and Mollie Fenberg will hereinafter be referred to as appellants. It is the contention of appellee that the ring in question was given to her by Jay Darrell Fenberg as an engagement ring and that Mollie Fenberg by fraud and subterfuge gained possession of the ring and was willfully withholding possession of the ring from appellee and refused to return it to her.

It is the contention of appellants that the ring was owned by Sam A. Fenberg & Sons, Inc., and was delivered to Jay Darrell Fenberg for the purpose of letting appellee wear the same, but not to be given to her. Sam A. Fenberg & Sons, Inc., is a corporation with Mollie Fenberg owning 60 per cent of the stock and Sam Fenberg owning all the rest of the stock except one share owned by their son, Charles Fenberg. Mollie Fenberg contended appellee took the ring off of her finger and threw it on the bed and told Mollie Fenberg to take it that the appellee hated it. Mollie Fenberg took the ring and put it in the Sam A. Fenberg & Sons, Inc., stock of goods for sale.

The case was submitted to a jury upon special issues and in reply to such issues the jury found that Mollie Fenberg had authority from the corporation to make a gift of merchandise from the corporation; that Mollie Fenberg delivered the diamond ring in question to Jay Darrell Fenberg for delivery by him to the appellee with the intention and for the purpose of having Jay Darrell Fenberg make a gift of said ring to appellee; that Jay Darrell Fenberg made a gift of the diamond engagement ring in question to appellee; that the value of the ring was $5,500, and at the time appellee delivered possession of the ring to Mollie Fenberg she did not intend to relinquish to Mollie Fenberg all of appellee's right, title and interest in and to the ring. All the issues answered were in favor of appellee, and upon the findings, judgment was granted for appellee and from this judgment appellants perfected this appeal.

By appellants' first assignment of error, they complain of the findings made by the court and incorporated in the judgment as being against the appellants upon the theory of conversion. We are of the opinion that part of the findings made by the court were unnecessary and were mere surplusage; but we cannot take the evidence of any one witness as conclusive of a certain fact when that matter is in dispute, and the findings of the jury under those circumstances are binding upon the court. It is the statement of appellants that there was no evidence of testimony whatsoever that Sam Fenberg knew that the ring was being sent to Jay Darrell Fenberg for the purpose of said ring being given by Jay Darrell Fenberg to the plaintiff; but that in fact it was conclusively established to the contrary. We cannot agree with this statement. Mr. Fenberg was asked if any arrangements were made with him so far as the rings were concerned prior to the taking of the rings out of the store. His reply was—"Only that it was presented to Jay to be used as an engagement ring." Jay Fenberg testified he got his father's consent to take the ring out of the store. Webster defines "present" as "To make present or donation to; also,

to furnish or provide (a person) by way of a present or gift; also, *to court by gift.*" (Emphasis ours.) Mollie Fenberg testified she sent the ring to Jay Darrell Fenberg and she knew at the time Jay got the ring he intended to use it as an engagement ring for this appellee. It being the contention of appellants that findings of the court as to certain issues not submitted to the jury was a wrongful finding on conversion. It is not necessary to a conversion that there should be a manual taking of the thing in question by the defendant; it is not necessary that it should be shown that he applied it to his own use. Does he exercise a dominion over it in exclusion or in defiance of plaintiff's right? If he does, this is in law a conversion. There is no question in this case but what appellants exercised dominion over the ring in exclusion and in defiance of appellee's right or claim. They have returned the ring to the store and carry it as the property of the corporation. It is to be noticed, however, in this case appellee testified she made a request for the return of the ring. It is stated in the case of Presley v. Cooper, Tex.Sup., 284 S.W.2d 138, 141, by the Supreme Court:

"The rule is well expressed by the Supreme Court of Delaware in Mastellone v. Argo Oil Corp., 7 Terry 102, 46 Del. 102, 82 A.2d 379, 384, in this language:

" 'To us the purpose of the "demand and refusal" rule, in those cases where it applies, is simply to settle whether there has been a conversion or not. If from other circumstances it is clear that the tort has been committed, the question needs no such further settlement, and the court moves on to whatever other questions are in the case, usually the assessment of damages.'

"The Court of Appeals of Georgia in Evans v. Grier, 29 Ga.App. 426, 115 S.E. 921, expresses the rule in this language:

" 'Any act of dominion by a bailee over the property bailed, not in pursuance of the contract of bailment, but adverse to the title of the bailor, amounts to a conversion by the bailee, and no demand on the bailee to redeliver to the bailor is necessary.' "

■ We think there is no question under this record but what Sam and Mollie Fenberg had the right to take the diamond ring from the store and give it to Jay Darrell Fenberg if they wished to do so. The question of paying or settling for the ring was between them and the corporation. We are of the opinion, by their own admissions, appellants gave the ring to Jay Fenberg to give to appellee as an engagement ring. Massey v. Lewis, Tex.Civ. App., 281 S.W.2d 471, at page 476, where the court says:

"These statements are binding upon appellants and they will not be heard now to dispute them. In the case of Kimmell v. Tipton, Tex.Civ.App., 142 S.W.2d 421, 428, it is said:

" 'In Southern Surety Co. v. Inabnit [Tex.Civ.App.] (Eastland), 1 S.W.2d 412, 415, this Court in an opinion by Judge Hickman stated the rule with reference to the testimony of and admissions by a party to a suit as follows: "The testimony of a party to a suit and admissions made by him must be construed as binding upon him, and not merely as raising issues of fact. His testimony is governed by different rules to those governing witnesses who are not parties. (Citing cases.)" * * *

" ' "It is a wholesome rule, and should assuredly be applied in suits in equity, that the testimony given and admissions made by a party to a suit must be construed as binding upon him, and not merely sufficient to raise issues of fact." ' "

In reference to the case, of Austin v. Austin, 143 Tex. 29, 182 S.W.2d 355, relied

upon by appellants, we are in agreement with the holding there, and the court after discussing the action of the trial court in making independent findings stated: "Independent of this theory it is our opinion respondents are entitled to recover under the material findings of the jury." That is our view in this case, and appellants' first point of error is overruled. What we have stated above disposes of appellants' second, fourth, fifth, sixth, and seventh assignments of error, complaining of the court's action in overruling appellants' motion for instructed verdict and their motion for judgment non obstante veredicto and as to insufficient evidence, and the same are overruled.

By appellants' third assignment they insist that the court erred in refusing to admit the testimony of appellants' two daughters-in-law for the purpose of showing similar transactions as indicating the intent of the appellants in regard to the diamond ring involved herein. At the time the ring was delivered to appellee, she had not married into the Fenberg family, and nothing in this record shows she knew of any family custom of letting the daughters-in-law wear rings only as a loan, and to be returned after marriage or when requested to be returned. Appellants testified, without objections, to the same thing that they urged as error on the part of the court in refusing to permit the daughters-in-law to testify. If this testimony had been admissible, but we do not think it was, it would have been nothing more than cumulative of the testimony given by appellants. We think the proper rule is stated in the case of Davis v. Commercial Standard Ins. Co., Tex.Civ.App., 194 S.W.2d 599 at page 606 where it states: "It is a general rule of evidence that similar transactions of different parties may not be shown to prove the transaction in controversy." See also Tull v. Turley, Tex.Civ.App., 36 S.W.2d 1101 and especially Linthicum v. Richard, 134 Tex.Cr.R. 608, 245 S.W.2d 713. Appellants' third point of error is overruled.

The only objections made to the court's charge was that made by the appellee and no requested issues were submitted.

We think the findings of the jury are sufficient to sustain the judgment rendered. Judgment of the trial court is affirmed.