## GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY
### v. GEORGE WASHINGTON ET AL.

#### No. 1008. Decided May 13, 1901.

**Negligence, Contributory Negligence and Accident.**

See issues and evidence in case of boy injured in street by passing train, held to involve the question of injury by pure accident (which defendant need not plead as a defense), as distinguished from contributory negligence, and to make it reversible error to refuse a requested charge relieving defendant from liability in such case. (P. 512.)

QUESTION CERTIFIED from the Court of Civil Appeals for the First District, in an appeal from Wharton County.

*G. G. Kelley* and *A. L. Jackson*, for plaintiff in error.—If the plaintiff was standing near the track of defendant while its train was passing, and stumbled or fell so that his feet were run over and the injuries complained of were inflicted by one of the cars of the train, then the injury was the result of unavoidable accident or negligence on the part of plaintiff himself, and in either event there was no negligence on the part of the defendant, as alleged by plaintiff in his petition, proximately causing his injury.

It is well settled that the railway company was not liable for the plaintiff's injury if the same resulted from an unavoidable accident. Lumber Co. v. Denham, 85 Texas, 60; Railway v. Beeman, 74 Texas, 291; Bulger v. Railway, 42 N. Y., 459; Hartfield v. Roper, 21 Wend. (N. Y.), 615; Hargreaves v. Deacon, 25 Mich., 1; 1 Am. and Eng. Enc. of Law, 2 ed., 274; 2 Rap. & Mack's Dig. of Ry. Law, p. 760.

The issue of unavoidable accident can be raised and asserted under a plea of not guilty and general denial, and when so raised by the evidence "the defendant had the right to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified group of facts, which, if true, would in law establish" unavoidable accident, "and instructing them, if they found such group of facts to be established by the evidence, to find for the defendant." Railway v. McGlamory, 89 Texas, 635.

Any evidence tending to show that the injury was the result of an unavoidable accident, or in other words, to refute the contention that there was a direct causal relation between the alleged negligence on the part of the defendant and the injury, clearly would be admissible under the general denial, and without any special plea; and being thus admissible under the pleadings, it became as much a feature of the case for submission by the charge as if admitted under a special plea. Altgelt v. Emilienburg, 64 Texas, 150; Willis v. Hudson, 63 Texas, 681; Winn v. Gilmer, 81 Texas, 346.

*J. C. Baldwin* and *J. V. Meek*, for defendants in error.—The trial court did not err in refusing to give to the jury the special charge

requested by the defendant, for the reason that all the issues raised in the pleadings and evidence had been fully and fairly presented to the jury by the trial court's main charge, and special charges were unnecessary and would have tended to confuse and mislead the jury.

It is clear from the trial court's main charge that the defendant could not have been injured by the refusal to give this special charge, and it is a well settled rule of law that the Supreme Court will not revise the action of the district court in giving or refusing instructions, unless where applied to the facts there is manifest injury done to the rights of the party complaining. Land Co. v. Williams, 51 Texas, 51; Fordtran v. Ellis, 58 Texas, 252; Dotson v. Moss, 58 Texas, 155; Assurance Co. v. Meyer, 9 Texas Civ. App., 15.

It is another well established rule that special charges which cull from the body of conflicting evidence special features that may be favorable to the one litigant or the other, emphasizing their weight, should always be refused. For such a charge might be construed by the jury as indicating the opinion of the court that the facts enumerated therein should alone determine the question involved. Railway v. Shearer, 1 Texas Civ. App., 351; White v. Railway, 46 S. W. Rep., 383.

When the trial court's main charge is full and fair, and presents all the issues to be passed upon by the jury, special charges should be refused. Railway v. Hockaday, 14 Texas Civ. App., 613; Railway v. Bush, 12 Texas Civ. App., 293; Railway v. Duval, 12 Texas Civ. App., 349.

The plaintiff was either injured by the negligence of the defendant as alleged in his petition, or else he was injured by his own negligence. This is not a case of unavoidable accident, but one of negligence on the part of either the plaintiff or the defendant, or upon the part of both. If the plaintiff was injured by going so near the defendant's track while the defendant's cars were passing, that by falling his foot went under the wheels of said cars, then he might be guilty of negligence causing his injury, and these facts should have been alleged, showing said negligence, if it did not appear from plaintiff's petition or from the case made by the plaintiff. Railway v. Shieder, 88 Texas, 152; Railway v. Bush, 12 Texas Civ. App., 293; Railway v. Parker, 20 Texas Civ. App., 474; Telegraph Co. v. Wisdom, 85 Texas, 261; Brown v. Sullivan, 71 Texas, 470; Railway v. Magrill, 15 Texas Civ. App., 358; Am. and Eng. Enc. of Pl. and Pr., p. 10.

And further, it would have been error for the trial court to have given said charge, for the reason the effect of said charge was to tell the jury that if they found the facts enumerated therein then plaintiff would be guilty of negligence per se, while the facts stated do not of themselves constitute negligence per se, and it would have been error for the court to so have instructed the jury. Railway v. Porfert, 72 Texas, 351; Railway v. Hanson, 13 Texas Civ. App., 554, and authorities cited; Campbell v. Trimble, 75 Texas, 271; Railway v. Hill, 71 Texas, 459.

BROWN, Associate Justice.—The Court of Civil Appeals for the First Supreme Judicial District has certified to this court the following statement and question:

"This suit was instituted by George Washington, as next friend of the minor, James Washington, to recover of the defendant railway company damages for injuries to the person of said minor alleged to have been caused by the negligence of the defendant. The petition alleges that the defendant railway company had constructed and was operating its railroad on Colorado Street in the city of Houston, which street ran in an eastwardly and westwardly direction through said city, intersecting Winter Street at right angles; that at the intersection of the said streets, the defendant had constructed certain plank walks for the use of pedestrians in passing along Winter Street and crossing defendant's track, and that at the time of the injury complained of, the planks constituting this walk adjacent to the track had become old, worn, and rotten, and that on the 25th day of March, 1896, while James Washington, a negro boy of immature judgment, then about 10 years old, was walking on the plank sidewalk, he stepped upon the same for the purpose of passing over the defendant's track and right of way, and one of the planks broke, causing his foot to slip and become fastened in one of the holes; that while James Washington was trying to extricate his foot, one of the defendant's engines with cars attached to it approached from the west at a high and dangerous rate of speed, about thirty miles per hour, which speed was in violation of the city ordinance of the city of Houston prohibiting a speed in excess of six miles per hour; that the defendant's servants in charge of the engine and cars approached without ringing the bell or giving any warning whatever of the approach of said engine and cars, and failed to keep a proper lookout for the purpose of discovering persons who might be upon the defendant's track, or if said servants did in fact see the said James Washington in his perilous position, then, nevertheless, they made no effort whatsoever to stop the engine and cars, but negligently ran upon and over James Washington, mashing and cutting off both his feet below the knees, and thereby causing him serious and permanent injury and physical and mental anguish to his damage in the aggregate sum of $25,000, for which judgment was prayed in his behalf.

"The defendant answered by general denial and specially pleaded as follows:

"'And for further plea and answer in this behalf, if need be, the defendant avers that if it is true as alleged by plaintiff that said James Washington was injured while endeavoring to pass or cross over defendant's track, which is not admitted but specially denied, nevertheless he is not entitled to recover herein, nor is George Washington, his father, as next friend, entitled to recover anything herein, for the reason that the injuries, if any, received by the said James Washington were proximately caused or contributed to by his own negligent conduct in failing to use his senses and judgment to discover

the approaching train and avoid it or in stepping upon defendant's track or getting in a dangerous position and placing himself near the cars or in front of the approaching train of the defendant, well knowing of its approach, and at such time and under such circumstances as to bring about and contribute to the injuries, if any, received by him, and without which negligence on his part the said injuries would not have occurred.

" 'For further plea and answer in this behalf, if need be, the defendant avers if the said James Washington received any injuries as alleged by plaintiff, nevertheless he is not entitled to recover therefor, because he proximately caused and contributed to the injuries received by him through his own misconduct and negligence in this:  That while the cars of defendant were passing over its track, the said James Washington trespassed upon its track and roadbed and that he then and there became or attempted to become a trespasser upon the moving cars of defendant, and while the said cars were in motion, the said James Washington, in a reckless and negligent manner, took hold of some portion of one of defendant's cars and got upon said car or endeavored to get upon said cars and ride thereon, and that by reason of said reckless and heedless conduct, and by reason of the motion of said cars at the time said James Washington was thrown or fell under the edge of the car so that his feet or legs were mashed and injured, and defendant avers that such conduct on the part of the said James Washington was not only grossly negligent and reckless, but that in getting upon or attempting to get upon the cars of defendant, the said James Washington violated the laws of this State and was guilty of a misdemeanor and that his conduct in this particular was a willful wrong.  That without such reckless negligence, the willful and unlawful conduct on the part of the said James Washington, the alleged injury would not have occurred.'

"On the trial of the case in the court below, James Washington testified in substance that he was injured in the manner and under the circumstances alleged in the petition, and his statement as to how the accident occurred was corroborated by several other witnesses.  There was evidence in the case to the effect that the boy was injured while attempting to get upon defendant's moving train.  It was also shown that said James Washington made and signed a written statement of the circumstances under which he was injured, and had also testified by deposition previously taken in the case that the accident occurred in the manner set out in the written statement, which is as follows:

" 'On the day I was injured, I was coming home from church and walking up the railroad track, when I heard a train coming from Chaney Junction toward the Fifth Ward depot.  I stepped off the track and stood beside the passing train.  Just as the last box car was passing me, I stepped close to the train, and as I did so my foot struck against something in the street and I fell and my feet went under the box car and it cut both my feet off.'

"The entire charge of the court is as follows:

" 'Gentlemen of the Jury: In this case, George Washington, as next friend for his minor son, James Washington, sues to recover of the defendant $25,000 damages for certain alleged personal injuries to the said James, inflicted on him by the negligence of the defendant and its servants, on or about the 25th day of March, 1896, while said James was attempting to cross defendant's track at Colorado Street in the city of Houston. It is alleged by plaintiff that while the said James was traveling along Colorado Street in the city of Houston and attempting to cross over defendant's track at a point where Colorado Street intersects Winter Street, by reason of a defective crossing, and by reason of certain planks being old, worn, and rotten, and having holes therein, the said James' foot was caught in a hole between one of the planks and the rail of the defendant's track; that while in this position he fell, and before he was able to extract his foot from said fastening, the defendant's servants in charge of defendant's locomotive and train of cars negligently ran the same upon the said James, thereby mashing his feet and legs so as to render it necessary to have the same amputated.

" 'It is alleged that the cause of said injury was the negligence of the defendant in the manner in which said plank walk and crossing were constructed and maintained and in the defendant's servants running its locomotive at a higher rate of speed than six miles per hour; and a failure on their part to keep proper lookout to discover persons on the track or attempting to cross the same, for which plaintiff prays judgment for the amount above stated.

" 'The defendant denies generally all the allegations of plaintiff, and further pleads that if the said James was injured, his injuries were caused by his own contributory negligence in being upon the defendant's track at the time at which he was there and that he was attempting to jump upon defendant's cars while they were moving, and that by reason of the acts and doings of said James his injuries were caused by his own contributory negligence, and therefore defendant is not liable for the injuries inflicted on him. And defendant further pleads the statute of limitations. The rules of law by which you are to be governed in considering the facts of the case are given you as follows:

" '1. The statute of limitations is not applicable to this case under the facts shown by the evidence.

" '2. Negligence is the want of such care and caution as an ordinary prudent man would exercise under the same circumstances. Contributory negligence is negligence which contributes to the result and without which the injury would not have occurred.

" '3. You are the exclusive judges of the facts proven, the credibility of the witnesses, and the weight to be given to their testimony.

" '4. The burden of proof is upon the plaintiff to prove by the preponderance of the evidence each material allegation in his petition upon which he relies for recovery. And if the jury believe from the evidence that the plaintiff has failed to prove, by a preponderance,

any one or more of the allegations of his petition upon all such issues, they will find for the defendant.

" '5. It was the duty of the servants of the defendant, while operating its train in or through the city of Houston, to use ordinary care and caution to discover persons upon its track; and a failure to use such care and caution would be negligence on the part of the defendant.

" '6. If you believe from the evidence that on or about the 25th day of March, 1896, the said James Washington, without any negligence on his part, went upon the defendant's track within the city of Houston and that while upon said track he was injured by one of defendant's trains substantially as alleged, and if you further believe from the evidence that at the time the said James was injured the defendant's servants were moving defendant's locomotives and cars which injured the said James within the city of Houston at a greater rate of speed than six miles per hour, and that the said James was injured as alleged, and that his injuries were caused by reason of the train running at a greater rate of speed than six miles per hour, then and in that event you should find for the plaintiff and assess his damages as hereinbefore directed.

" '7. If you believe from the evidence that on or about the 25th day of March, 1896, the said James was traveling along Colorado Street in Houston; and that while he was attempting to cross the defendant's track, his foot became fastened and he fell across the track as alleged, and while in this position defendant's train approached said crossing and defendant's servants in charge of said train failed to keep a proper lookout for persons on defendant's track or attempting to cross at the said crossing, and that they failed to discover the said James on said track and in his dangerous position, and if you further believe from the evidence that defendant's servants who were in charge of said train and running said train on said track by the use of ordinary care and prudence could have discovered James on the track and prevented said injuries, then if they failed to use such care and prudence and by reason thereof the said James, without any negligence on his part, was injured as alleged, then and in that event you will find for the plaintiff.

" '8. If you believe from the evidence that on or about March 25, 1896, the said James, while attempting to cross said street in Houston, and while attempting to cross defendant's track on a plank walk, was, without any negligence on his part, injured as alleged, and that the plank which forms said walk had become worn and rotten or that there were holes in said plank and that while said James was attempting to cross over the track, a piece of one of said planks broke or gave way, thereby causing his foot to slip in between one of these planks and the rail of the track, and that his foot became fastened so that he was unable to extract it, and that while trying to extract his foot from said fastening he fell and was injured by the train as alleged; and if you further believe that defendant or its servants were guilty of

negligence, as that term is explained to you heretofore, by permitting holes therein, and if you further believe such negligence on the part of the defendant and its servants was the direct and immediate cause of the said James getting his foot fastened and being injured as alleged in his petition, in that event find for the plaintiff.

" '9. If you believe from the evidence that the injuries to the said James were approximately caused or contributed to by his own negligent conduct, if any, in failing to use his senses and judgment to discover the approaching train and avoid it, if he could have done so, or in stepping upon defendant's track, or in getting in a dangerous position and placing himself near the cars, or in front of the approaching train, well knowing its approach, and at such time and under such circumstances as to bring about and contribute to the injuries, without which negligence on his part the said injuries would not have occurred, then find for the defendant.

" 'And if you believe from the evidence that said James approximately caused and contributed to his injuries through his own misconduct and negligence, and that while the cars were passing over defendant's track he trespassed upon defendant's track and roadbed, and that he recklessly and negligently took hold of some portion of said cars so that he was thereby injured, then find for the defendant.

" '10. Should you find for the plaintiff under the foregoing instructions, you should return a verdict for him for such a sum of money as will, in your judgment, reasonably compensate him for all such damages as are the immediate result of the injuries received by him. And in arriving at your damages, if any, you will take into consideration the physical and mental suffering, if any, you find the injuries caused, and the decrease in James' earning capacity, if any; but you will take into consideration only such decreased earning capacity after he arrives at the age of majority.

" 'If you should find for the defendant, you will say so by your verdict.'

"The defendant requested and the trial court refused to submit to the jury the following instruction:

" 'You are instructed that if you find from the evidence that the plaintiff was near the track of the defendant company waiting for its train to pass, and that while said train was passing by, plaintiff stumbled or fell so that his feet were run over and mashed by one or more cars of said train, then you will return your verdict in favor of the defendant.'

"A verdict and judgment was rendered in the court below in favor of the plaintiff, and we find that the evidence is sufficient to sustain the verdict and the judgment should be affirmed, unless the refusal of the court to give the requested instruction requires its reversal. We respectfully certify for your decision this question:

"Was the refusal of the court below to give said requested instruction such error as requires a reversal of its judgment?" .

The District Court erred in refusing the special charge submitted

as the basis of this question, for which error its judgment should be reversed and the cause remanded.

From the opinion of the Court of Civil Appeals rendered in this case (1 Texas Court Reporter, 437), we make the following extract which correctly expresses the law upon one phase of the case: "We think the requested instruction should have been given and the trial court erred in refusing same. The issue of unavoidable accident was clearly raised by this evidence, and such issue was not submitted to the jury by the court in his main charge. The defendant was not required to specially plead that the injury was the result of an unavoidable accident to entitle it to have such issue submitted to the jury. The evidence was not only admissible for the purpose of contradicting the witness James Washington, but as a substantial defense under the general issues, and if believed by the jury, it would have been a complete defense to the suit. Altgelt v. Emilienburg, 64 Texas, 150; Willis v. Hudson, 63 Texas, 681; Winn v. Gilmer, 81 Texas, 346."

The statement by James Washington was admissible to prove that the injury did not occur in the manner alleged in the plaintiff's petition, and, if believed to be true, would have furnished a defense to the plaintiff's action, although it might not have been an unavoidable accident. The special charge which was requested and refused would have presented both phases of the defense. These defenses were in no way connected with that of contributory negligence pleaded by the defendant and were not embraced in the charge of the court upon that subject.

It is claimed by counsel for appellee that the defense presented by this special charge was covered by the general charge of the court in which the jury were instructed: "The burden of proof is upon the plaintiff to prove by a preponderance of the evidence each material allegation in his petition upon which he relies for recovery, and if the jury believe from the evidence that the plaintiff has failed to prove by a preponderance any one or more of the allegations of his petition, upon all such issues they will find for the defendant." In its general charge, the court stated to the jury that the issues presented on the part of the plaintiff were that his injury was occasioned by the negligence of the defendant, specifying particularly the acts of negligence which produced the injury, and that the defendant pleaded a general denial and contributory negligence on the part of the injured boy. We must look at the court's charge as practical experience teaches that a jury, untrained in the law, would view it, and so regarding it, we are of opinion that a jury might not have understood that the general denial made the issue of unavoidable accident or that the injury had occurred in a manner not alleged and claimed by the plaintiff, neither of which issues was expressed in the charge of the court. While it is true that the general terms in which the court's charge is expressed would, as matter of law, include the defenses presented by the special charge, it is apparent that the judge who tried the case

believed that the charges on contributory negligence embraced the special charge, which position is strenuously contended for by counsel for appellee, and it is not to be supposed that the jury considered an issue not developed by the charge of the court. Under such circumstances, the defendant had the right to call upon the court to submit specifically the group of facts and circumstances which raised the issues expressed in the special charge. Without this protection, the jury, in rendering a general verdict under a charge so general as that given, may have disregarded a defense which they might have given effect to, if it had been brought to their attention. The facts of this case and the character of the charge are such as to render the refusal of the requested charge a serious deprivation of a valuable right from which we can not say injury did not result.