## WICHITA FALLS TRACTION CO. v. CRAIG. (No. 10116.)

(Court of Civil Appeals of Texas. Fort Worth.
Feb. 17, 1923.)

1. **Trial ⬅⬆350(6)—Issue of inevitable accident need be separately submitted only if there is evidence showing injury might have resulted from unknown cause.**

Unless there is evidence tending to show that the accident in controversy, which is charged to have resulted from the negligence of defendant, resulted from some unknown cause, or in a manner which cannot be explained, or under circumstances different from those constituting plaintiff's case, and which rebut the charge of negligence, it is not necessary for the trial court to submit the issue of unavoidable accident as a defense in addition to a proper submission of the issues of negligence and contributory negligence.

2. **Trial ⬅⬆350(6)—Evidence held not to require separate submission of issue as to inevitable accident.**

In an action for injuries to an automobile struck by a street car, testimony by defendant's motorman that he did not see the automobile until too close to stop the car under the conditions prevailing, which showed the accident happened in the way claimed by plaintiff, except that defendant's testimony rebutted the inference of negligence which might be drawn from plaintiff's testimony, it was not necessary for the court separately to submit a special issue as to whether the accident was unavoidable after properly submitting issues as to whether the negligence of defendant was the proximate cause of the accident.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Action by Edward Craig against the Wichita Falls Traction Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Bullington, Boone, Humphrey & Hoffman, of Wichita Falls, for appellant.

Weeks, Morrow & Francis, of Wichita Falls, for appellee.

DUNKLIN, J. The Wichita Falls Traction Company has appealed from a judgment in favor of Edward Craig for damages done to his automobile as the result of being struck by one of appellant's street cars on a public street crossing in the city of Wichita Falls.

In answer to special issues, the jury found that the defendant company was guilty of negligence in running its car at too high a rate of speed at the time and place of the collision; that it was also guilty of negligence in not discovering the automobile on the street car track in time to have avoided the collision; and that the negligence in both of the respects stated was the proximate cause of the injury done to the automobile. The jury also found that the plaintiff was not guilty of contributory negligence in going upon the crossing where the collision occurred.

No attack has been made upon those findings by the jury, and the only assignment of error presented in this court is addressed to the action of the trial court in refusing appellant's request for the submission of the issue as to whether or not the injury to plaintiff's car was the result of an unavoidable accident.

The following testimony is quoted in appellant's brief to show that the injury to the car was the result of an unavoidable accident:

"The witness L. L. Albritton testified as follows: 'I am manager of the traction company. I was manager of the traction company in November, 1920. * * * I have been in the traction business about 20 years. * * * With reference to how soon a street car could stop on a rainy night like that, it is all owing to how fast it was running; if it was coming 20 miles per hour, it would take 200 feet to stop.' On cross-examination the same witness testified as follows: 'If it was going 20 miles an hour, he would do mighty well to stop in 200 feet, any time. You see he would go about 1,760 feet a minute, and he would have to stop in about 15 seconds in order to stop in 200 feet. We have the street cars equipped with lights. These lights show about 200 feet down the track there. The rain interferes with your vision to some extent. It is owing to how hard it is raining.'

"The witness M. S. Rice testified as follows: 'I was working for the Wichita Falls Traction Company on or about the 18th day of November, 1920, at the time when the street car struck an automobile at Ninth and Taylor streets, at Wichita Falls, about 11:30 o'clock at night. It was raining, and the track was slippery, but it was in the part of town where there was not much traffic, and I was running about 20 miles per hour. That was the speed which I ordinarily ran in that part of town. I was within about 40 feet of an automobile when I first saw it, and I threw the car in reverse, but the car hit the automobile and pushed it some 6 or 8 feet before the car came to a stop. The city had the street torn up on each side of the track, and the street was blocked at this point. The car which I hit was chained to another car, which was standing in the mud, as though it were towing the other car out of the mud. I first saw this automobile when it was about 40 feet from me, and I did not have time to think anything about whether it would get off the track. I just knew that I would hit the automobile if I could not stop. I sounded the gong and reversed the car when I first saw this automobile. I did not see any one at or near the car. * * * It was dark and rainy that night. It had been raining for three or four hours, I should judge. The streets at that point were muddy, and the tracks were very slippery. The moon was not shining. The tracks were slippery that night. * * * I was going from the center of town to the end of the line. * * * I was running the car that night and acting as motorman. I

had a headlight on that car that night. The rails were slippery at that time. I was going about 20 miles an hour when I first saw this car. It was then about 40 feet from me. I had no time to speculate whether or not the party would get off of the track before I reached there. I had all that I could do to stop the car. * * * It was dark and rainy that night, and the rails were slippery. The water from the rain hit the front windows of the car, making it rather difficult to see clearly. My car ran about 46 or 48 feet before I could stop it, by the use of all means at hand. I stopped the car the quickest way it could be stopped. I did not use the brakes because that would have caused the car to slide farther than it did, in my judgment. I did not see any light on the automobile. There were none, that I know of. I saw no one on the track signaling me, until the car stopped. * * * When I first saw the automobile on the track, I reversed the car in an attempt to stop it, and it did stop 50 feet of where I first saw the automobile, or somewhere in the neighborhood; that was all that could be done. I have no interest whatever in this matter. I have severed my connection with the Wichita Falls Traction Company because I wanted to move to California."

The two decisions cited and relied on by appellant in support of this assignment are Colo. & So. Ry. Co. v. Rowe, 238 S. W. 908, by the Commission of Appeals, Section B, decided March 22, 1922, and G., H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S. W. 534. The first-cited case was a suit by the widow, for herself and the two minor children of Rowe, to recover damages for injuries resulting in his death. Rowe was killed while serving as a brakeman on one of defendant's freight trains. He was instantly killed by being run over by one of the cars. It was alleged:

That while the train was traveling at a rapid rate of speed one of the bottom doors of a car loaded with coal dropped open and dumped a large amount of coal on the track under the cars; "that the said Rowe was at the time engaged in his duties on the train on one of the cars near said coal car, and was caused to fall from the train, and was run over and killed; that no one saw the said Rowe at the exact moment, so that plaintiff cannot set out the exact manner in which he was killed, but alleges that the falling of the coal on the track caused the air hose of the train to uncouple, setting the brakes suddenly and unexpectedly, and so jarred and shook the train that it contributed to, and was one of, the causes of the said Edgar Rowe's fall; that said coal falling from said car bounced and struck the said Edgar Rowe, which also contributed to his fall; that the cars were jolted by running over said coal on said track, and this fact contributed to cause said Rowe to fall from said car; that a great dust was caused to arise from the coal falling on the track, which blinded and choked the said Rowe, and also contributed to his said fall; 'that each and everything herein alleged was the proximate cause of his said fall, and that all, taken together, was the proximate cause of said fall and said killing;' that the

door of said car was insecurely fastened; and that it was negligence on the part of the defendant to use said car and transport the same in a train in such condition."

As shown in the opinion of the Court of Civil Appeals (224 S. W. 928), from which a writ of error was prosecuted to the Supreme Court, in answer to special issues, the jury found that the coal car from which the coal was dumped was not in a reasonably safe condition for such use, and that in furnishing said car for such use the railway company was guilty of negligence which was the proximate cause of the death of Rowe. In that opinion, it was also pointed out that the engineer of the train testified that—

"The coal dumped about a mile back from where Rowe fell, and had all 'rolled out up to the point where he fell.' "

Referring to that testimony, the Court of Civil Appeals said:

"This evidence is not in accord with that of other witnesses, but the defendant, of course, would have the right to have the jury pass on its truth. The tendency of the evidence of this witness was to show that the dumping of the coal, which was the immediate result of the only negligence charged against the defendant, had no connection with the fall of the deceased, and to show that such fall was the result of some other cause."

But the Court of Civil Appeals further found that, notwithstanding the issue of unavoidable accident was presented by the evidence, it was merely a negative of the issue submitted as to whether the negligence of the defendant was the proximate cause of the deceased's fall from the train, and that therefore the refusal of the trial court to submit the issue of unavoidable accident was not reversible error. That ruling of the Court of Civil Appeals was reversed by the Commission of Appeals, who held that the issue of unavoidable accident should have been submitted to the jury, and by reason of that conclusion the judgment of the trial court in favor of plaintiff and the judgment of the Court of Civil Appeals affirming that judgment were reversed, and the cause remanded for another trial. In the opinion of the Court of Commission of Appeals the following was said:

"If a finding that the defendant was negligent was a negative finding that there was no accident, likewise a finding that death resulted from accident would have been a negative finding that there was no negligence. Therefore each issue should have been submitted to the jury so that notice of both might have been given, thereby affording them equal opportunity to attract the attention and win the favor and secure the approval of the jury, instead of requiring the issue of accident to stand outside with only the probability of being considered and with no greater possibility of favor than silent approval involved in the rejection of its rival."

The Commission of Appeals based its decision principally upon the decision of the Supreme Court in G., H. & S. A. Ry. Co. v. Washington, supra. In the latter case the judgment in favor of Washington against the railway company for damages resulting from an injury he sustained by being struck by the defendant's train was reversed because of a refusal of a requested instruction reading as follows:

"You are instructed that, if you find from the evidence that the plaintiff was near the track of the defendant company waiting for its train to pass, and that while said train was passing by plaintiff stumbled or fell so that his feet were run over and mashed by one or more cars of said train, then you will return your verdict in favor of the defendant."

Prior to the trial plaintiff had given a written statement as to how the injury happened, which was almost in the exact terms embodied in the requested charge, although in his testimony upon the trial he gave an entirely different version of the occurrence. According to that testimony, while he was walking along a plank sidewalk which crossed over the defendant's track and right of way, one of the planks in the walk broke, causing his foot to slip and become fastened in the hole so made, and while he was trying to extricate his foot from the hole he was run over by defendant's passing train as a result of the negligence of defendant's employees in running the same at a high rate of speed and without keeping a proper lookout. In the opinion of the Supreme Court, after referring to the fact that the trial court in his charge had specifically stated the acts of negligence which were alleged and relied on by the plaintiff as a basis for recovery, and that the defendant had pleaded a general denial of those allegations and contributory negligence on the part of the plaintiff, and had instructed the jury that, if plaintiff had failed to prove by a preponderance of the evidence one or more of such allegations, then they would find for the defendant, the court said:

"We must look at the court's charge as practical experience teaches that a jury, untrained in the law, would view it, and, so regarding it, we are of opinion that a jury might not have understood that the general denial made the issue of unavoidable accident or that the injury had occurred in a manner not alleged and claimed by the plaintiff, neither of which issues was expressed in the charge of the court. While it is true that the general terms in which the court's charge is expressed would, as matter of law, include the defenses presented by the special charge, it is apparent that the judge who tried the case believed that the charges on contributory negligence embraced the special charge, which position is strenuously contended for by counsel for appellee, and it is not to be supposed that the jury considered an issue not developed by the charge of the court. Under such circumstances, the defendant had the right to call upon the court to submit specifically the group of facts and circumstances which raised the issues expressed in the special charge. Without this protection, the jury, in rendering a general verdict under a charge so general as that given, may have disregarded a defense which they might have given effect to, if it had been brought to their attention. The facts of this case and the character of the charge are such as to render the refusal of the requested charge a serious deprivation of a valuable right from which we cannot say injury did not result."

But appellee has cited the decision of the Commission of Appeals, Section A, in Boyles v. McClure, 243 S. W. 1080, decided October 4, 1922. In that case judgment was recovered by plaintiffs, Mrs. Mary McClure and her husband, for injuries resulting to her which were sustained as a result of the team drawing a bus in which she was riding as a passenger running away, and the negligence upon which the recovery was based consisted in that act of the driver of the bus leaving the team unhitched while he went to the rear of the bus, during which time they were so left they became frightened and ran away. Testimony was introduced showing that the fright of the team which resulted in their running away was caused by an automobile backing against them during the time the driver had gone to the rear of the bus to let out the passengers. Based on that testimony, the defendant requested the submission of a special issue, as follows: "Was the injury to the plaintiff the result of an unavoidable accident." The refusal of the trial court to submit that issue was assigned as error. That assignment was overruled both by the Court of Civil Appeals (232 S. W. 348) and by the Commission of Appeals. In the discussion of the assignment the latter court said:

"In this case there is no controversy with reference to the facts. The issues of negligence and proximate cause submitted to the jury, and found by them against the receiver, exclude the only theory of inevitable accident which could be urged under such facts. We do not wish to be understood to say that a finding of negligence, and that the injury complained of was the proximate result thereof under a given state of facts, always excludes the theory of inevitable accident, and renders it unnecessary to submit the same to the jury as an issue in the case. It sometimes happens that an accident is attributable, under some of the evidence, to a certain combination of circumstances, but under other evidence in the case to some unknown or unexplained cause. It is said that, 'when an event takes place, the real cause of which cannot be traced, or is, at least, not apparent, it ordinarily belongs to that class of occurrences which are designated as purely accidental. 20 R. C. L. p. 19.'"

Following what was there said, the court proceeded to distinguish that case from the case of Colo. & So. Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908, noted above. The distinguishing feature as pointed out was

that in the Rowe Case there was evidence tending to show that Rowe's fall from the car was not caused by the dumping of the coal, but was the result of some other cause unknown and unexplained. We are of the opinion that the Boyles v. McClure Case is also distinguishable from the case of Railway Co. v. Washington, 94 Tex. 510, 63 S. W. 534. In the latter case the requested issues, the refusal of which were held to be erroneous, also presented the issue of the accident happening under circumstances entirely different from those alleged in plaintiff's petition, and which circumstances excluded any showing of negligence on the part of defendant.

[1] From the three decisions discussed we conclude that in cases of the character of the one now in controversy the rule is that, unless there is evidence tending to show that the accident in controversy, which is charged to have resulted from the negligence of the defendant happened from some unknown cause, or in a manner which cannot be explained, or under circumstances different from those relied on and constituting a part of plaintiff's case, and which circumstances rebut the charge of alleged negligence for which the defendant is responsible, then it is not incumbent upon the trial court to submit the issue of unavoidable accident as a defense, in addition to a proper submission of the issues of negligence and contributory negligence as to both parties to the suit.

[2] The testimony relied on by appellant to show its rights to the submission of that issue in the present suit goes no further than to refute the charge of negligence alleged in plaintiff's petition and supported by competent testimony. In fact, according to that testimony, the street car struck and injured the automobile just as plaintiff alleged, leaving the only issue to be determined whether or not the defendant was guilty of negligence, which was the proximate cause of the collision.

Accordingly appellant's assignment of error discussed above is overruled, and judgment of the trial court is affirmed.