**ORANGE & NORTHWESTERN RAILROAD COMPANY, Appellant, v. Luther HARRIS et al., Appellees.**

**No. 2177.**

Court of Civil Appeals of Texas. Beaumont.

Feb. 9, 1933.

Rehearing Denied March 8, 1933.

For original opinion, see 57 S.W.(2d) 931.

C. T. Butler and W. G. Reeves, both of Beaumont, O. R. Sholars, of Orange, and Andrews, Streetman, Logue & Mobley, of Houston, for appellant.

Dies, Stephenson & Dies, of Orange, for appellees.

Dissenting Opinion on Rehearing.

COMBS, Justice.

In view of the vigorous motion for rehearing filed in this case by the appellant, we have again gone over the record with particular reference to the matters wherein appellant insists we erred in affirming the judgment of the trial court. My associates are of the opinion that our original judgment is correct. See 57 S.W.(2d) 931. However, I have reached the conclusion that the motion for rehearing should be granted and the case reversed.

In affirming the judgment of the trial court we held, among other things, that the evidence supported the finding of the jury to the effect that defendant's negligence in failing to have some one stationed at or near the flat car to notify and warn persons traveling the street of the presence of the flat car was a proximate cause of plaintiff's injuries. I think the evidence insufficient to sustain this finding, but since the majority have held the evidence sufficient, and the holding of this court being final on that question, it is unnecessary to discuss it here.

We also held that the issue of unavoidable accident was not raised by the evidence and that consequently the trial court did not err in refusing to submit it. As I view it, the evidence clearly raises the issue.

The law seems to be that the issue of unavoidable accident arises in any negligence case when a state of facts exist which would support a finding that the accident was not occasioned in any degree, either directly or remotely, by the negligence of either party and that neither party in the exercise of ordinary care could have foreseen or prevented it. Russell v. Bailey (Tex. Civ. App.) 290 S. W. 1108; Wichita Falls Traction Co. v. Craig (Tex. Civ. App.) 250 S. W. 733; Galveston, H. & S. A. Railway Co. v. Washington, 94 Tex. 510, 63 S. W. 534; Dallas Ry. & Ter. Co. v. Darden (Tex. Com. App.) 38 S.W.(2d) 777; Kansas City, M. & O. Railway Co. v. Foster (Tex. Civ. App.) 54 S.W.(2d) 270, 273; Boyles v. McClure et al. (Tex. Com. App.) 243 S. W. 1080. Some of the cases above cited, particularly the earlier decisions, such as Russell v. Bailey, give the rule a much more restricted application, and some of the late ones suggest the difficulty of announcing a fixed rule applicable to all cases by which it can be decided just when the issue of unavoidable accident is presented. Dallas Ry. & Ter. Co. v. Darden, supra; Kansas City, M. & O. Railway Co. v. Foster, supra. It would seem that the rule, as above stated, may be fairly deduced from the decisions of our courts when they are considered as a whole and in the light of the facts in each case.

I think the facts of this case bring it within the above rule. The material facts have been set forth in the opinion of Justice O'Quinn and need not be repeated here except to briefly summarize such of them as are pertinent to this discussion. The accident occurred at night. The street and railroad track where the collision occurred crossed at practically right angles and on a level. The street was paved and was straight for a considerable distance in either direction from the point of the collision. The flat car was partly obstructing the crossing; it extended more than half way across the street and entirely across the side of the street along which the plaintiff was driving. The flat car was loaded with piling to a height of six or eight feet above the floor of the car. Some of the testimony indicated that the ends of the piling extended within three or four feet of the end of the flat car, thus indicating that the load of piling was partly over the street. Employees of the defendant in charge of the derailed car hung an ordinary lantern on the drawhead of the car and one of the employees went for a red lantern to put on it. While he was gone the plaintiff, driving his automobile, as he says, in a prudent and lawful manner, and at a speed of about fourteen miles per hour, collided with the flat car with the resulting injuries complained of. He testified that he did not see the flat car until he collided with it. The evidence showed that there was a street light hanging over the center of the street some fifty-four feet from the crossing in the direction from which the plaintiff approached. Plaintiff's own testimony tended strongly to show that his injuries resulted from the presence of this street light, which he said so blinded him that he could not see the flat car. In fact, he offered no other explanation of his failure to see it. The evidence does not show that the employees of the railroad company knew that this street light would have the effect of blinding drivers of

automobiles who might drive along the street and, as I view it, there is no evidence from which it may be reasonably inferred that they should have known of such fact in the exercise of ordinary care. And since the street light was not owned or controlled by the railway company, no inference arises that they did know of it. Missouri, K. & T. R. Co. of Texas v. Long (Tex. Com. App.) 299 S. W. 854.

The jury found that the defendant was not negligent in leaving the car on the crossing and that plaintiff was not guilty of contributory negligence in any of the respects charged by the defendant. Their findings on these issues are supported by the evidence. The jury convicted the defendant of negligence proximately causing the plaintiff's injuries, in failing to station a flagman at the derailed car to warn persons using the street of the presence of it on the crossing. I think the evidence, which has been briefly summarized above, would have supported the finding that defendant, under all of the attendant circumstances, was not negligent in that respect. In other words, the evidence would have warranted the jury in finding that the employees of the defendant in charge of the derailed car were not negligent in assuming that a person driving an automobile along the street with due care for his own safety would discover the flat car in time to avoid striking it without the aid of a flagman to warn him of the presence of it. If this be true, then a state of facts did exist which would have warranted the jury in concluding that the accident was not occasioned in any degree, either directly or remotely, by the negligence of either party. The street light was maintained by the city of Orange. Neither of the parties to this suit had any connection with it in any way and, as above stated, there is nothing to indicate that the defendant knew of the hazard created by it, nor did the plaintiff know of the obstructed condition of the crossing. I think these facts raised the issue and that had the issue been affirmatively submitted, the jury would have been warranted in finding that the accident was unavoidable. The issue thus presented was in no sense a corollated, supplemental, or supporting fact of the issues of negligence raised by the evidence. Instead, it presented a separate and distinct issue entirely independent of the issues of negligence. It was not an issue which was comprehended within the issues submitted. On the contrary, it was of that character which required an independent finding of fact. See Ormsby et al. v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084. The issue presented a complete defense to plaintiff's suit and upon proper request the defendant had a right to have it submitted to the jury, and it is wholly immaterial to defendant's right to have it submitted that there was also evidence to support the jury's find-

ing that plaintiff's injuries resulted from defendant's negligence. Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S.W. (2d) 521; Galveston, H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S. W. 534. Defendant excepted to the court's charge because of its failure to submit the issue of unavoidable accident and also seasonably requested the submission of it. I think the refusal of the trial court to submit this issue constitutes reversible error.