

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-12-00167-CV

___

STEVEN L. DRYZER, APPELLANT

V.

CHARLES BUNDREN AND KAREN BUNDREN, APPELLEES

___

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 2007-60118-393, Honorable Douglas M. Robison, Presiding

___

May 6, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellees and cross-appellants, Charles Bundren and wife Karen Bundren, sued their former landlord, appellant and cross-appellee Steven Dryzer, for retaining their security deposit. Trial was by jury and on a verdict favorable to the Bundrens the court rendered judgment. Dryzer appeals, asserting reversible charge error. By cross-appeal, the Bundrens seek additional attorney's fees. Finding the trial court erred and the error was not harmless we will reverse the judgment, dismiss as moot the Bundrens' cross-appeal, and remand the cause to the trial court for a new trial.

Background

Charles Bundren and Steven Dryzer are practicing attorneys. In August 2002, the Bundrens leased a house in Frisco, Texas, from Dryzer. As required by the parties' lease agreement, the Bundrens posted a $15,000 security deposit with Dryzer. Thereafter, the Bundrens and their children occupied the dwelling as their residence.

Acrimony soon developed between the Bundrens and Dryzer over issues relating to the condition of the house. When the Bundrens vacated the property on March 31, 2005, Dryzer did not refund their security deposit. Rather, in a letter dated April 27, 2005, he provided them a written itemization of deductions from the security deposit. According to Dryzer, the amount necessary to remedy damages caused by the Bundrens, beyond normal wear and tear, exceeded the amount of the security deposit by over two thousand dollars. Dryzer demanded payment of the excess sum within ten days.

The Bundrens did not pay the monies demanded. Instead, appearing for himself and his wife, Mr. Bundren filed suit against Dryzer in 2007. The Bundrens alleged Dryzer breached the terms of the lease agreement by retaining their security deposit. They further alleged his retention of the security deposit was in bad faith, violating Texas Property Code § 92.109(a).[1] As allowed by § 92.109(a), the Bundrens sought

---

[1] The statute provides, "A landlord who in bad faith retains a security deposit in violation of this subchapter is liable for an amount equal to the sum of $100, three times the portion of the deposit wrongfully withheld, and the tenant's reasonable attorney's fees in a suit to recover the deposit." TEX. PROP. CODE ANN. § 92.109(a) (West 2007).

recovery from Dryzer of three times the amount of the security deposit, plus $100, and attorney's fees.

The case was tried by jury during June 2011. By that time the Bundrens had engaged an attorney. Dryzer was also represented by counsel. The evidence portrayed the sharp disagreements and wrangling between the Bundrens and Dryzer over the residence. During trial, in conferences outside the presence of the jury, the court and the attorneys worked on the jury charge. Among the subjects they discussed was the operation of the bad faith presumption authorized under specified facts by Property Code § 92.109(d).[2]

The case was submitted to the jury on broad form questions. Two liability questions supported with instructions inquired whether Dryzer retained the Bundrens' security deposit in bad faith and whether he breached the parties' lease agreement by failing to refund a portion of the deposit. The jury answered both liability questions affirmatively. It awarded the Bundrens $14,115 on the bad faith statutory cause of action and an additional $14,115 under the common law breach of lease claim. Concerning attorney's fees, the jury awarded the Bundrens $12,000 for their attorney's trial representation but nothing for Mr. Bundrens' self-representation. It also awarded nothing for an appeal to a court of appeals and nothing for a petition for review before the Supreme Court of Texas. The trial court granted in part the Bundrens' post-trial

---

[2] "A landlord who fails either to return a security deposit or to provide a written description and itemization of deductions on or before the 30th day after the date the tenant surrenders possession is presumed to have acted in bad faith." TEX. PROP. CODE ANN. § 92.109(d) (West 2007).

motion to disregard certain jury findings and awarded conditional appellate fees of $7,500 if appealed to a court of appeals and a like sum for a petition for review. The trial court did not disturb the jury's failure to award any attorney's fees for Mr. Bundrens' self-representation in the trial court.

The final judgment was signed in January 2012. It awarded the Bundrens $42,445[3] on their statutory bad faith cause of action, $14,115 for their breach of lease claim, $12,000 as attorney's fees for their attorney's trial representation, $7,500 as attorney's fees conditioned on prevailing in the court of appeals, $7,500 as attorney's fees for prevailing on a petition for review in the supreme court, pre-judgment and post-judgment interest, and costs of court. Dryzer's motion for new trial was apparently overruled by operation of law and this appeal followed.

Analysis

Dryzer argues, *inter alia,* the trial court wrongly instructed the jury on the statutory presumption of bad faith because the evidence did not support its inclusion. Specifically, he asserts on appeal, as in the trial court, the presumption did not arise because he sent the Bundrens a letter describing and itemizing deductions before the thirtieth day after the date they surrendered possession of the residence.

We first consider preservation of the claimed error. The Bundrens argue Dryzer did not specifically object to the complained-of instruction and therefore waived any complaint on appeal. The record demonstrates Dryzer timely and plainly made the trial

---

[3] That is, three times the jury finding of $14,115 plus $100 as required by § 92.109(a).

4

court aware of his complaint, that is, the statutory presumption did not arise because he sent the Bundrens a letter describing and itemizing deductions before the thirtieth day after the date the Bundrens surrendered possession of the residence. While the record may not reflect an express ruling by the trial court on Dryzer's presumption complaint the charge actually submitted instructed the jury, "You are further advised that a landlord who fails to return a security deposit on or before the 30th day after the date the tenant surrenders possession is presumed to have acted in bad faith." The trial court's decision to leave the presumption instruction in the charge establishes that Dryzer's complaint was at least implicitly overruled. TEX. R. APP. P. 33.1(a)(2)(A); *see State v. Colonia Tepeyac, Ltd.,* 391 S.W.3d 563, 568 (Tex. App.—Dallas 2012, no pet.) (concluding in condemnation case that while the trial court did not expressly overrule the State's objection it did so implicitly by failing to change the jury charge at the conclusion of the charge conference that included a lengthy discussion of the State's objection). Given the discussion of Dryzer's complaint by the court and counsel, the inclusion of the presumption instruction in the charge was surely no oversight. *See State Department of Highways and Public Transportation v. Payne,* 838 S.W.2d 235, 239 (Tex. 1992). Dryzer sufficiently preserved his complaint as to the charge on the presumption of bad faith.

As noted, Property Code § 92.109(d) provides, "A landlord who fails either to return a security deposit or to provide a written description and itemization of deductions on or before the 30th day after the date the tenant surrenders possession is presumed to have acted in bad faith." As the Dallas Court of Appeals has paraphrased it, "[b]ad faith is presumed when a landlord fails to: (1) return the security deposit; or (2) provide

5

a written description of the damages and an itemized list of all deductions within thirty days after the tenant surrenders the premises."  *Pulley v. Milberger*, 198 S.W.3d 418, 428 (Tex. App.—Dallas 2006, pet. denied).

Among its general instructions the trial court charged the jury:

Bad faith implies deliberate intention to deprive the tenant of a lawfully due refund. You are further advised that a landlord who fails to return a security deposit on or before the 30th day after the date the tenant surrenders possession is presumed to have acted in bad faith. The landlord has the burden of proving by a preponderance of the evidence that the retention of any portion of the security deposit was reasonable. The landlord may rebut the presumption of bad faith by proving by a preponderance of the evidence his honesty in fact in his conduct in retaining the security deposit, or portions of the deposit.

Rule 277 of the Texas Rules of Civil Procedure states:

In all jury cases the court shall, whenever feasible, submit the cause upon broad-form questions. The court shall submit such instructions and definitions as shall be proper to enable the jury to render a verdict.

. . .

The court shall not in its charge comment directly on the weight of the evidence or advise the jury of the effect of their answers, but the court's charge shall not be objectionable on the ground that it incidentally constitutes a comment on the weight of the evidence or advises the jury of the effect of their answers when it is properly a part of an instruction or definition.

TEX. R. CIV. P. 277.  A jury instruction is proper if it: (1) assists the jury; (2) accurately states the applicable law; and (3) finds support in the pleadings and evidence. *Columbia Rio Grande Healthcare, L.P. v. Hawley,* 284 S.W.3d 851, 855-56 (Tex. 2009). Rule 277 affords the trial court considerable discretion in selecting necessary and proper instructions.  *State Farm Lloyds v. Nicolau,* 951 S.W.2d 444, 451-52 (Tex. 1997);

6

*GuideOne Lloyds Ins. Co. v. First Baptist Church of Bedford,* 268 S.W.3d 822, 836 (Tex. App.—Fort Worth 2008, no pet.).

We review for abuse of discretion a trial court's decision to submit an instruction. *Shupe v. Lingafelter,* 192 S.W.3d 577, 579 (Tex. 2006) (per curiam). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding principles. *Wal-Mart Stores, Inc. v. Middleton,* 982 S.W.2d 468, 469-70 (Tex. App.—San Antonio 1998, pet. denied). This includes failing to analyze or apply the law correctly. *McDaniel v. Yarbrough,* 898 S.W.2d 251, 253 (Tex. 1995). The Supreme Court of Texas explained over a century ago when considering alleged charge error, "[w]e must look at the court's charge as practical experience teaches that a jury, untrained in the law, would view it." *Galveston, H. & S.A. Ry. Co. v. Washington,* 94 Tex. 510, 63 S.W. 534, 538 (1901).

Reversal for charge error is not required if the error did not cause the rendition of an improper judgment. TEX. R. APP. P. 44.1(a) ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of . . . probably caused the rendition of an improper judgment"); *Star Enterprise v. Marze,* 61 S.W.3d 449, 456 (Tex. App.—San Antonia 2001, pet denied). We review the entire record to determine whether the submission or refusal to submit an instruction probably resulted in an improper judgment. *Timberwalk Apartments Partners, Inc. v. Cain,* 972 S.W.2d 749, 756 (Tex. 1998). An error in the charge relating to a contested critical issue is generally harmful. *Columbia Rio Grande Healthcare,* 284 S.W.3d at 856. Further, an erroneous instruction presents harmful error if the reviewing court is unable to determine whether the jury

based its verdict on an invalid theory. *United Enters. v. Erick Racing Enters.,* No. 07-01-0467-CV, 2002 Tex. App. Lexis 9271, at *19 (Tex. App.—Amarillo Dec. 31, 2002, pet. denied) (not designated for publication) (citing *Crown Life Ins. Co v. Casteel,* 22 S.W.3d 378, 388-89 (Tex. 2000)).

Because it was undisputed that Dryzer had timely satisfied the written description and itemization requirement, we agree with Dryzer that the bad faith presumption had no place in the case under the evidence presented and the jury should not have been instructed regarding the presumption. Moreover, the instruction given the jury regarding the presumption was not an accurate statement of the applicable law because it told the jury that Dryzer would be presumed to have acted in bad faith merely by evidence that he failed to return the deposit within thirty days of surrender of the premises. The instruction ignored the provision of § 92.109(d) for a written description and itemization. By so instructing the jury the trial court abused its discretion.

Looking then to harm, reversible error may result from the inclusion in the charge of unnecessary jury instructions focusing the jury's attention on issues not belonging in the case. *Middleton,* 982 S.W.2d at 471 (citing *Lemos v. Montez,* 680 S.W.2d 798, 799 (Tex. 1984)). The error is harmful because "the court's instructions become the law of the case and are to be accepted by the jury as the guide on which they must rely." *Middleton,* 982 S.W.2d at 471 (citing *Texas Power & Light Co. v. Lovinggood,* 389 S.W.2d 712, 717 (Tex. Civ. App.—Dallas 1965, writ ref'd n.r.e.)). The erroneous inclusion of the presumption instruction in the charge meant Dryzer not only had to establish his reasonableness in withholding the deposit, but he was compelled also to prove his honesty in fact. In the end, more likely than not, the jury of lay people based

8

its finding that Dryzer acted in bad faith on the perceived weight of an instruction that effectively informed them the trial court presumed Dryzer retained the Bundrens' security deposit in bad faith because it was not refunded within thirty days.[4] On this sharply disputed issue, we conclude the trial court's error was harmful.

The harm from the erroneous bad faith instruction did not end with the jury's consideration of the first liability question. The second liability question asked if Dryzer breached the lease by failing to refund any portion of the security deposit. According to the bad faith instruction, the jury was to presume Dryzer's bad faith because he did not return the security deposit within thirty days. This tied to another general instruction charging the jury "bad faith implies a deliberate intention to deprive the tenant of a lawfully due refund." The Bundrens' attorney argued Dryzer breached the lease because he did not refund the security deposit within thirty days. Buttressed by this argument, the jury considered the breach of lease question directed by an erroneous presumption that unless rebutted the Bundrens were "lawfully due" a refund of their security deposit. We find more likely than not the erroneous instruction led to an improper affirmative finding on the breach of lease question. *See King v. Skelly,* 452 S.W.2d 691, 696 (Tex. 1970) (explaining under harmless error review the standard is not "but for"; rather, the determination of whether in reasonable probability the error resulted in an improper verdict is a matter the appellate court's judgment in light of the

---

[4] And the argument of the Bundrens' attorney reinforced the erroneous instruction when he told the jury:

> And the Judge makes it clear as to who has the burden of proof in this case because it says in the Charge that he read to you that the landlord's presumed to have acted in bad faith if he keeps my client's money. The burden of proof is on the landlord to show that any retention of any part of that security deposit was reasonable.

entire record); W. Wendell Hall *et al., Hall's Standards of Review in Texas,* 42 St. Mary's L. J. 3, 247 (2010) (test for reversible error is one of probability and not "but for"); *see also Ponder v. Texarkana Memorial Hosp., Inc.,* 840 S.W.2d 476, 479 (Tex. App.—Houston [14th Dist.] 1991, writ denied) (explaining whether a particular error was calculated to cause and probably did cause the rendition of an improper judgment is necessarily a judgment call entrusted to the sound discretion and good sense of the reviewing court made from an evaluation of the whole case).

Because we reverse the affirmative findings on the two liability questions, it is axiomatic there can be no stand-alone recovery of damages. *See Mitchell v. Bank of Am., N.A.,* 156 S.W.3d 622, 627 (Tex. App.—Dallas 2004, pet. denied) ("It is well established in Texas that no recovery is allowed unless liability has been established. In the absence of liability, the question of damages becomes immaterial"). Moreover, the trial court conditioned an award of attorney's fees on the recovery of an amount of money by the Bundrens. Since the trial court's monetary awards are reversed, there can be no corresponding award of attorney's fees and the Bundrens' cross-appeal complaining of the dollar amounts of attorney's fees is dismissed as moot.

Conclusion

Finding error and that it was not harmless, we reverse the judgment of the trial court, dismiss the cross-appeal of the Bundrens as moot, and remand the cause to the trial court for a new trial.

James T. Campbell
Justice